Judge Graham
delivered the opinion of the Court.
W. & C. Fellowes, Whitlock & Kaye, Longstreth & Bouldin, and Summers & Simmons, judgment creditors of Crist & Simmons, being unable to coerce their several demands by execution, each exhibited a bill in chancery to set aside, as fraudulent, a mortgage made by Jonathan Simmons, one of the firm of Crist & Simmons, to Lee, on land and negroes, and a mortgage to JohnS. Simmons on three slaves. If the transactions are not decreed to be fraudulent, they then seek to reduce the amount secured, by cleansing the transactions of usury. In the progress of the cause, various amended bills .and answers were filed by the respective parties, *118 The several suits were consolidated. Lee and Simmons insist that each mortgage was in good faith, and free from usury. There is no evidence that any usury is included in the note to John S. Simmons, but as to Lee, the evidence sustains the report of the Master Commissioner appointed to investigate that matterl Executions having issued against the estate of Crist & Simmons, were levied on the mortgaged estate, which was sold, subject to the mortgage. At the Sheriffs sale, Lee became the purchaser of all the property mortgaged to him, at the bid of five dollars, and for a like sum, John S. Simmons purchased the three negroes mortgaged to him. Each purchaser having taken possession of the property so mortgaged to, and purchased by him, the Court directed its Commissioner to ascertain the value of the rents and hires with which each mortgagee was justly chargable, and to report the sum due to each, after cleansing the transactions of usury, and deducting rents and hires. The Commissioner, after taking proof, made his report. Some complaint is made of his estimate, but the proof abundantly sustains its correctness. But it is urged that as Crist & Simmons refuse to plead the usury, and ask no relief on account of it, and refuse to their creditors the privilege of the benefit of the usury, the creditors could not maintain their bill therefor, and the Chancellor erred in reducing the mortgagees’ demands on account of the usury included in the notes.
Where a borrower has paid usury, his creditors cannot su® for •and reclaim it, but creditors may purge all usury from unpaid debts where the funds of a debtor are insufficient to pay his debts, though secured by mortgages.
Where the borrower has paid usurious interest, his creditor cannot, without his consent, sue for and recover of the usurer the amount of the usury so paid. But where the usury has not been paid, and where the matter in contest between creditors is, what sum each may lawfully and equitably assert against the debtor, whose means are insufficient to pay all his debts, we apprehend that the rule is, and ought to be different. The sum legally due to a creditor, is all that, in good conscience, he ought to be permitted to assert, to the prejudice of the claims of other bonafide creditors. It does not at all affect the usurer’s demand against his debtor, as *119 between themselves. If the latter does not choose to rely on the usury, or if he desires to pay it, be it so. No one can control his wishes on that subject. But as the taking of usury is expressly discountenanced by law, we only say, that the usurer and his debtor shall not be permitted to increase the demands of the one against the other, by the addition of illegal interest, to the prejudice of other creditors.
Mortgaged property sold under execution, subject to the mortgage, should he made as other, sales of like property. So if sold-' irrespective of the mortgage. A sale of land and slaves, in gross, therefore, where the morigageeso purchased, the-sale should be-treated as a nul— ity.
The next subject of inquiry is, the purchase, by Lee & Simmons, at the execution sale,, of the mortgaged property. Simmons does not controvert the charge that the sale to him was in gross. Lee, in his first answer on that subject, admits it; in his second, he does ■not remember; and in his third, says the land and slaves were each sold separately. The Sheriff’s return was that of a sale in gross. ITe subsequently amended it, and made it a sale in parcels, and has given In his deposition to sustain his amended return ; but the- evidence is very clear, not only by witnesses on the ground' at the time of the sale, but by the statements of the Sheriff and Lee, that the sale was in gross ; that is, that the land and negroes were all set up at once, and one bid was made for the whole.
The statute which subjects mortgaged property to sale under execution, expressly enacts, that it shall be sold “ in the same manner as such property might have been sold if no such incumbrance (as the mortgage) had existed(1 Stat. Law, 653.) If sold absolutely, and not subject to the mortgage, it would not be controverted, that the land, and each slave, should have been separately sold, and a sale in gross, in each case, would be set aside. The sale subject to the mortgage is, by the above cited statute, required to be made in the same manner. A sale in gross would be often detrimental to the best interests of debtor and creditor,.and ought not to be countenanced, independently of the statute. There was no error in the decree disregarding the sales and purchase, and subjecting the property to a re-sale. We do not perceive any error in the details of the de *120 cree, and as it is in accordance with the principles sanctioned by this opinion, it is, therefore affirmed.
Hite, J. <4 W. L. Harlan, Guthrie and B. Hardin for plaintiffs ; Riley, Thompson and Grigsby for defendants.