John W. Bell's Assignee *v.* Bettie Merriweather.

**Usury—Disaffirmance and Recovery Back.**

>     One who has paid usury may disaffirm and maintain an action to recover it back, but is under no obligation to his creditors to exercise such right.

**Assignee's Right to Recover Back Usurious Interest.**

>     Before an assignee can reach and recover back usurious interest paid by the assignor, it is necessary for him to show that his assignor has elected that such right shall be enforced.

APPEAL FROM SHELBY CIRCUIT COURT.

May 4, 1876.

Opinion by Judge Lindsay:

This action was instituted by Harboson, assignee of Bell, to recover from Bettie Merriweather certain sums of money alleged to have been paid by Bell to her in the way of usurious interest. Harboson avers that he is the assignee of said John W. Bell, and was constituted and appointed as such by a deed of general assignment for the benefit of his creditors, made and executed by said Bell in the day of September 1874, and by virtue of said deed, he is authorized to collect the debts owing to said Bell. The conveyance is not on file in the record.

The primary question is whether the statement of facts above quoted shows a right of action in Harboson. Construing his language with the utmost liberality, we cannot conclude that the deed of assignment operates further than to transfer to him all the legal and equitable estate of Bell, and to authorize him to see for and collect the debts owing to Bell at the time of its execution and delivery. There is nothing in the petition tending to show that the usury was not paid by Bell, voluntarily and without mistake or fraud. The contract to pay it was not enforceable, but the payment itself was not void. Bell might, if he had chosen so to do, have disaffirmed the payment and maintained an action to recover back the sum paid. But as this was with him a mere matter of conscience, he was under no legal obligation to his creditors to exercise that right. Hence, before his creditor or his assignee can reach the usury in the hands of Merriweather, it is necessary that it shall be shown that Bell has elected that his statutory right to reclaim it shall be enforced.

Harboson does not aver, in terms, that Bell has so elected, or that

he is prosecuting this action with his (Bell's) approval and consent; nor does he state that the right of Bell, in regard to this usury, was specifically transferred to him by the deed of assignment under which he claims. We have already said that we will not presume that the deed passed to Harboson anything more than the legal and equitable estate of the grantor. A conveyance or assignment of legal and equitable estate does not transfer the right of the grantor or assignor to sue for usury. *Breckenridge v. Churchill,* 3 J. J. Marsh. 11.

Upon the authority of the case cited and of the subsequent cases of *Estill v. Rodes, et al.,* 1 B. Mon. 314; *Graham, et al., v. Moore, et al.,* 7 B. Mon. 53, and *Lee v. Fellows & Co.,* 10 B. Mon. 117, we are constrained to conclude that Harboson failed by his petition to show a right in himself to prosecute the action and that upon this ground, if upon no other, the court below properly refused to render a judgment in his favor.

Judgment *affirmed.*

*Bullock & Beckham, for appellant.*
*A. J. James, for appellee.*