HENDERSON NATIONAL BANK *v.* S. B. MARTIN'S ADM'R.

**Usury.**

    Where a debtor's obligation is evidenced by a promissory note drawing a legal rate of interest, and payments are made from time to time and new notes taken for the balance at such settlements, the debt is the same debt notwithstanding renewals, and the defendant may set up the defense of usury on the note sued on even where the usury exacted was paid on some former note evidencing the debt.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 6, 1879.

OPINION BY JUDGE ELLIOTT:

S. B. Martin borrowed of Thomas S. Knight the sum of $1,000, for which he executed his promissory note, which on its face only called for six per cent. interest.

On the 14th day of September, 1870, Martin and Knight had a settlement of the amount due on the note, and as the balance due thereon Martin executed his note to Knight for $846.35, and to secure the note Martin gave a mortgage on a tract of some 185 acres of land.

In 1873 S. B. Martin sold some 80 acres of this mortgaged land to Hocker and Vanderson for two notes of $400 each, one due 1st of March, 1875, and the other due 1st of March, 1876, and each

bearing 6 per cent. interest from date. In 1875 S. B. Martin sold these two notes to Knight, who was to give him credit for their amounts on the note for $846.35, which Martin had executed to him on the 14th day of September, 1870.

Knight assigned the notes on Hocker and Vanderson, and also the note he held on Martin to the appellants. On the 6th day of May, 1875, Martin and Knight made a calculated settlement as to the amount due on the note which Martin had executed to Knight September 14, 1870, and it was then agreed that Martin owed Knight, as of the 1st of March, 1875, $450 balance on the note. This agreement was endorsed on the note and signed by S. B. Martin.

It is established by the evidence of T. S. Knight himself that he charged Martin 10 per cent. interest on the $1,000 loaned from the 7th day of August, 1863, up to September 14, 1870, when the note for $846.35 was executed, and that in the settlement of May 6, 1875, between him and S. B. Martin, the $450 which Martin endorsed on the note as due from him was ascertained by charging Martin 10 per cent. annually compounded on the note for $846.35, and allowing credit for the amount of the Hocker and Vanderson notes with 6 per cent. from the time due. After this settlement, the appellant, holding the two notes of Hocker and Vanderson and the original note for $846.35, executed by S. B. Martin to Knight, as Knight's assignee, brought these two consolidated suits for their collection and to enforce the purchase money lien against Hocker and Vanderson for the notes which they owed, and to enforce Knight's mortgage for the agreed balance which Martin had endorsed on the note to Knight of date, September 14, 1870.

On hearing the court enforced the purchase money lien against Hocker and Vanderson, and also enforced Knight's mortgage lien for $206.75 of the $450 which S. B. Martin had endorsed as due on the note to Knight of $846.35, against that part of the Martin tract of land not sold to Hocker and Vanderson; and as George B. Martin had bought this interest in the land he asked a cross-appeal in the lower court, but has waived it by failing to pray a cross-appeal in this court. See Sec. 755, Civil Code of 1877.

Appellant's principal complaint is that neither Hocker, Vanderson nor George B. Martin can set up the defense of usury with success. It also contended that the note executed by Martin to Knight on the 14th of September, 1870, with a mortgage as its security, was a payment of the $1,000 loan of 1863; and as to the usury paid on the new

note nobody can object to its payment or reclaim it but S. B. Martin's administrator.

The answer that set up the usurious payment of interest was in the name of the defendants, and Martin's administrator was one of the defendants. We are of opinion that the execution of the note for $846.35 in 1870 was not a payment of the $1,000 loan of 1863, but was only evidence of the balance due on that debt; and as the evidence is almost conclusive that 10 per cent. was counted on the debt from 1863 to March 1, 1875, and that that per cent. was compounded from September 14, 1870, it is reasonably clear that purging the $846.35 note of the usurious interest, or rather allowing a credit for such interest, would leave no balance on that note, although Martin had agreed to a balance of $450.

The case of *Lee v. Fellowes & Co.,* 10 B. Mon. 117, fully sustains the right of the appellees, Hocker and Vanderson, and George B. Martin, to purge the note of $846.35 of all usurious interest before attempting to enforce any liens on their land for its payment.

The judgment is therefore more favorable to the appellant than is authorized by the law; but although George B. Martin prayed a cross-appeal in the lower court he failed on his cross-errors to ask a cross-appeal in this court, and consequently we cannot notice the errors of which he complains, and the errors committed are certainly not prejudicial to appellant.

Wherefore the judgment is *affirmed.*

*Vance & Merritt, for appellant.   M. Yeoman, for appellee.*