Hart, &c., v. Hayden, &c.

CASE 71—EQUITY—MARCH 29, 1881.

# Hart, &c., v. Hayden, &c.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. A party who holds a mortgage upon property that is insufficient to satisfy all the liens upon it is entitled to contest the existence of mortgage liens asserted by others, although his debt may not be due, and although his mortgage may not have been executed until after the other mortgagees had instituted suit to enforce their liens.

2. When a mortgagee has sued to foreclose his mortgage, and made another mortgagee a defendant, the action of the latter is not a *lis pendens* until he has filed his cross-petition and had process issued.

3. If the fact that a claim is tainted with usury is disclosed by the record, the chancellor will purge the claim, although the debtor may refuse to make such a defense.

PORTER & WALLACE FOR APPELLANTS.

1. Appellant was not, as to appellee Hayden, a *pendente lite* purchaser, as Hayden had not filed his cross-petition at the time her mortgage was executed. (Secs. 96 and 97, Civil Code.)

2. A junior mortgagee, although his debt may not be due, has such an interest as to entitle him to contest the claim of a senior mortgagee, as by showing that it has been in part paid or is tainted with usury, although his mortgage may not have been executed until after the senior mortgagee instituted suit to foreclose his mortgage. (1 Dana, 25; 5 B. M., 274; 10 B. M., 118.)

T. P. HILL AND M. C. SAUFLEY FOR APPELLEES.

1. Appellant's debt having not yet matured, she is not entitled to contest the validity of appellee's claim.

2. Appellant was a *pendente lite* purchaser, although appellee had not filed his cross-petition when her mortgage was executed, as the *lis pendens* was complete upon the filing of the original petition setting up appellee's lien. (Story's Eq., sec. 406.)

3. A *pendente lite* purchaser is not entitled to be made a party to the pending litigation to subject the property purchased to the payment of debts. (Childs v. Burton, 6 Bush, 619; 1 Bush, 427; *Ibid*, 230; 10 Bush, 437; Chancery Digest, 152; 1 Dana, 578; 1 Daniels' Chancery Practice, star page 328.)

4. Usury is a personal privilege, and can be pleaded only by the debtor. (2 Parsons on Contracts, part 2, page 399.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case has been heretofore decided, but on a petition·
for a rehearing, we ·have deemed it proper to discuss more·
fully the questions raised, although satisfied that the doc-
trine announced is neither so novel or uncertain as to require·
an elaborate argument in support of it.

On the 23d of December, 1875, Grigsby and wife bor-
rowed of Ballou $6,000, and executed to him a mortgage on
a certain tract of land to secure its payment.   Ballou, on the
19th of September, 1878, filed his action in equity in the
Lincoln circuit court, asking a sale of the land to satisfy the
mortgage debt.   Prior to the execution of this mortgage,
Grigsby and wife (the wife then trading as a *feme sole*, and.
empowered to act as such) had executed a mortgage to the
appellee Hayden on this land, to secure him in the pay-
ment of $5,324.   This mortgage was dated on the 26th of
April, 1869, and the note payable in three years from that
date.   This land belonged to the wife (Mrs. Grigsby).   Bal-
lou made Hayden a defendant to his action, alleging the
existence of his lien, and on the 30th of September, 1879,
Hayden filed his answer and cross-petition against Mrs.
Grigsby (the husband being dead), asking an enforcement
of his lien, and also a judgment *in personam*.   On the 30th
of October, 1879, the appellant, Mrs. Hart, filed a petition
to be made a party to the action of Ballou, making it a
cross-petition against the mortgagor, Mrs. Grigsby, in which
she alleges that the latter, on the 21st day of March, 1879,
executed to her (Mrs. Hart) a mortgage on the same land
to secure the payment of $20,000, evidenced by certain
notes, and due five years from that date.   She alleges the·
insolvency of the obligor, the insufficiency of the land to
satisfy all the mortgage debts, and asked to be allowed to·

contest the validity of the mortgage claim set up by Hay-
den, on the ground that payments had been made for which
no credit had been given, and that the claim, or a greater
part of it, was usurious. On motion of Hayden the answer
and cross-petition was stricken from the files, or a demurrer
sustained, and her petition dismissed. This ruling of the
court below, as indicated by counsel for the appellee, was
made for the reason that the appellant, Mrs. Hart, was a
*lis pendens* purchaser, and because her several debts were
not due. The mortgage to Mrs. Hart was executed after
the institution of the action by Ballou, but before the an-
swer and cross-petition of Hayden, the appellee, was filed,
and this court held in the original opinion, that so far as
Hayden was concerned, the appellant could not be regarded
as a *lis pendens* purchaser, although Hayden had been made
a defendant to Ballou's petition. That to constitute Mrs.
Hart such a purchaser on the complaint of Hayden alone,
his cross-action should have been filed and process issued.
Ballou is not appealing, and if he was, the doctrine appli-
cable to a *pendente lite* purchaser cannot control the decision
of the question presented in this case.

While the appellant is not in a condition to coerce pay-
ment of her debt, there is no reason why the estate given or
pledged to secure its payment should not be preserved as
against those who have no claims, or are asserting liabilities
that ought not to be enforced by the chancellor.

The probability that the debtor may, when the debt of
the appellant matures, be in a condition to pay it, furnishes
no ground for refusing the relief asked, when it is manifest,
if her petition is denied, her security is not only likely to be
diminished, but her entire debt lost. This is upon the as-
sumption that the statements of the petition are true, and

when considered on demurrer, must be so regarded. The action of Hayden was not a *lis pendens* when the mortgage of the appellant was executed ; but whether so or not, we deem it unnecessary to determine. We have no reason, on the hearing of this case, on the question of law raised by the demurrer, to doubt the validity of the transaction between Mrs. Hart and Mrs. Grigsby. The former held notes on the latter, and for the purpose of securing them, obtained the mortgage on this land. There is no rule of law or equity that would prevent the appellant from taking such a mortgage, although at the time of its execution actions were pending by both Ballou and Hayden to foreclose their mortgages. The execution of the mortgage by Mrs. Grigsby gave to the appellant an equitable lien on the land, subject to the prior *bona fide* encumbrances; and if either of these encumbrances have been discharged, or are without consideration, they cannot be enforced to the prejudice of a *bona fide* mortgage, although junior in date; so, if the claim of Hayden has been paid, or is usurious, the right of the appellant would be affected by a sale of the land, and a preference given to a debt that had been satisfied, or was based on a vicious consideration.

Mrs. Grigsby may not have pleaded usury, or may be willing to a judgment selling the land for appellee's debt; still she cannot, either by her silence or a refusal to plead, permit this property upon which appellant's lien exists to be sold for a debt based upon a vicious consideration. The plea of usury is not a personal privilege, and with such allegations as are contained in appellant's petition, any defense that the debtor could have made to the merits of the action should be allowed to be made by the appellant. She had the right to go into a court of equity because of the equit-

.able interest she had in the property. Her remedy was not .at law, but to preserve a lien that the parties had the right to. create for the security of her debts. It is argued, how- ever, that this was a *lis pendens*, and therefore the claims of the appellant should be disregarded. In what way can it be termed a *lis pendens*, and how is the mortgagee, in a mort- :gage taken during the pendency of an action to foreclose an older mortgage, affected by that proceeding? It is certain that the chancellor will not delay the prosecution of the ac- tion by the first mortgagee, for no other reason than to allow the junior mortgagee to foreclose his mortgage. Having taken it during the pendency of the action, the mere fact that he has a lien is not sufficient to authorize the filing of his petition to be made a party. Such a practice would cause much injustice and delay, and by a repetition of the transac- tion would prolong the prosecution of the original action for :an indefinite period. Such is not the case here. The appel- lant has not only an equity in the land, or rather its proceeds, but she proposes to show the insolvency of her debtor, and that these prior claims have been satisfied, or are all usurious. Is the *lis pendens* an answer to such a petition? Can the fraudulent mortgagee prevent the *bona fide* mortgagee, be- cause his mortgage is senior in date, and an action is pending to foreclose it, from contesting the validity of his claim? A *pendente lite* purchaser is bound by the judgment, and it may well be doubted whether the appellant, if she stood by and permitted this judgment to be rendered, with a knowl- edge of the want of equity in appellee, could, after the judg- ment, obtain any relief. The right to recover what is due these prior mortgagees is conceded, but we know of no rule of law or equity that will preclude a junior mortgagee from attacking a senior mortgage as fraudulent, although he may

have acquired his mortgage after suit has been instituted to foreclose by the fraudulent mortgagee. A creditor, under his ordinary execution, may sell the mortgaged property while a suit is pending to foreclose it, and purchase it without regard to the mortgage, if fraudulent, and thereby acquire title. If the doctrine maintained by counsel for appellee prevails, the older mortgagee, if his entire claim is usurious, may enforce it, if the junior mortgage is taken after his action is instituted. The chancellor would certainly permit the junior mortgagee to pay off the prior encumbrances, and when he undertakes to show that they have already been satisfied, there is no reason why he should be denied the right. His return of no property found is not necessary, because, as between himself and the mortgagor, his claim is purely equitable.

What remedy has the appellant if he is not permitted to file his petition? His petition is dismissed because the appellant is a *lis pendens* purchaser. When the property is sold, the purchaser will hold, because the appellant is a *lis pendens* purchaser, and the appellee will be entitled to the proceeds for the same reason; so the inevitable result of the position assumed by counsel is, that appellant in such a case is without a remedy. As the law now exists, the plaintiff, Ballou, in the original action, was compelled to make those holding liens at the time of the institution of his action parties to it, and when they came to assert their claims, if invalid, any party acquiring an interest in the land may resist the recovery, whether before or during the pendency of the action, upon equitable grounds. The action of the court below is also sought to be maintained on the ground that the appellant's debt is not due, and therefore the right to ask the aid of the chancellor should be denied.

There is no judgment asked for the appellant's debt, but the chancellor, in order to preserve the security given for the debt, is asked not to subject it to the payment of unjust demands, and when interposing the plea of usury that the debtor has refused or failed to make, if successful, leaves the appellee with a judgment for the amount to which he is legally and equitably entitled. The chancellor will always purge the claim of usury when the pleadings or proof show the transaction usurious. In other words, he will withhold a judgment for the usury, when disclosed by the record; and if usury exists in this case, he will sell the land for the sum found due, deducting the usury, and this he will do, although the debtor may refuse to make such a defense. (Lochny v. Gregg, 12 Bush; Lee v. Fellows, 10 B. Mon., 118.)

When the chancellor has subjected the property to its legal or equitable burdens, he has rendered complete justice to all the parties, and will not refuse the relief because the appellants' debt is not due. The remedy sought here may be regarded as provisional only. The parties having liens on the same land are all before the court, and when the insolvency of the debtor is shown, and the insufficiency of the land to satisfy all the alleged liens is conceded, the chancellor will have no difficulty, having jurisdiction of the parties and the subject-matter, in determining their respective rights.

A refusal to listen to this complaint would deprive the appellant of a valid subsisting lien, and give to the appellee a judgment for an alleged claim that has no existence in fact, or if so, is usurious.

Mrs. Hart may have had a knowledge that the appellee was enforcing an alleged lien on this land, and to the extent

that he has such a lien she must submit; but to the extent that it has been satisfied or tainted with usury, she can ask the chancellor to purge it. The right of lien creditors to be protected is peculiar to the jurisdiction of courts of equity, and those having liens upon the common fund may inquire into the validity of claims asserted against it. The right of the appellee to recover his debt is unquestioned, but if usurious, the chancellor will purge it, and render a judgment enforcing this lien for the amount due the appellee, and this will be. final as between these parties; nor would the chancellor render a personal judgment against Mrs. Grigsby, if it appeared that the debt contained usury, without deducting it, unless he had done so before the filing of appellants' petition. What judgment is the chancellor to render in such a case? He will certainly not enforce the payment of appellants' claim, because it is not due, but will determine what is justly due the appellee, and then render a judgment subjecting this property to its payment.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.