LEVI SLOSS' EXR., ET AL. *v.* ADOLPH LEVI.

[Abstract Kentucky Law Reporter, Vol. 5—431.]

### Admissions in Pleadings and Amendment of Pleadings.

Where a defendant in his answer to a petition charging usury, and asking that it be credited on the principal debt, asserts that he received only ten per cent. interest during the years in question, and his representatives are bound by such admissions; and on the trial it is not error to refuse to permit the answer to be amended so as to state that only six per cent. interest was charged, where no affidavit or reason is given why the amendment should be filed or any explanation made as to the admission made in the original answer or that it was by mistake or oversight.

### Who May Assert Usury.

Where various liens exist upon the same property, so long as the liens exist any of the parties in interest may purge the claims of usury. Usury may be interposed by a junior lienholder as against a prior lien where the property is sought to be subjected to satisfy the liens; and the usury paid will be entered as a credit on the prior lien and the claim for usury disregarded as between the holders of the several liens.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 8, 1883.

OPINION BY JUDGE PRYOR:

In this case the appellee, who is a creditor of Lochran, had his execution levied upon certain real estate that had been mortgaged by the debtor to one A. Glass, with a view of enforcing his lien created by the levy of the execution. To enable him to make his debt out of the realty he applied to the chancellor to say whether or not the debt of Glass had not been fully paid, alleging that on the indebtedness to Glass the common debtor had paid twelve and ten per cent. interest on the money loaned to secure which the mortgage was executed; that this had been paid during a number of years; and he asks that it be applied to the payment of the principal. The personal representatives of Glass (he being dead) were made defendants, and they answered denying that they had any information to enable them to say that twelve per cent. interest had

been paid, and from information they deny that more than ten per cent. per annum interest was at any time paid. After the cause had been called for trial and a submission made the appellants offered to file an amended answer to correspond with the proof, in which it is denied that more than six per cent was paid. This amendment was offered in view of the fact that the debtor was incompetent to testify against the decedent as to the amount of money paid him, as there was no direct evidence conducing to show that the rate of interest paid was only six per cent. the inference being in the absence of proof that legal interest was the rate paid. There was no affidavit or reason given why the amendment should be filed, or any explanation made as to the admission in the original answer that ten per cent. interest was paid. It is not shown that it was by the mistake or oversight of counsel, or that the clients did not at the time have such information. There was no sufficient reason offered the chancellor for changing the issue, and no abuse of discretion on his part in refusing the filing of the amended answer. There was no necessity for proving the usury as the admission made by the defense authorized the judgment, and from the pleadings as they appear the chancellor acted properly in rendering the judgment. All that appellee asks is that the payments made on the mortgage debt be entered as credits; and the effort to show that it was in discharge of the usury agreed to be paid, and the several sums of money which were received, will not avail Glass or his personal representatives. A court of equity will treat such payments on the debt as was decided by this court.

The plea of usury is not always a personal privilege, as has been decided by this court, but may be interposed by a junior lienholder as against a prior lien where the property is sought to be subjected to satisfy the liens. The usury paid will be entered as a credit on the prior lien, and the claim for usury disregarded as between the holders of the several liens. *Hart v. Hayden,* 79 Ky. 346, 2 Ky. L. 359. Authorities may be found sustaining a different view of the question, but it may be regarded as settled that where various liens exist upon the same property, so long as the liens exist, any of the parties in interest may purge the claims of usury. There is a marked distinction between this class of cases and where one creditor undertakes to recover of another usury paid him by the common debtor

for no other reason than that such a recovery is necessary to satisfy his demand by reason of the insolvency of the debtor.

The judgment below, being proper, is *affirmed*.

*I. & J. Caldwell & Winston, for appellants.*

*Rodman & Brown, W. R. Abbott, for appellee.*