CASE 104—PETITION ORDINARY—MAY 24.

# Rudd v. Planters' Bank of Kentucky.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. A note given in renewal of one which contained usury is without consideration to the extent of the usury embraced therein.

2. The renewal of a note tainted with usury is not a payment of the usury, and the statute of limitations as to it does not then begin to run.

3. Under the conventional interest act a contract for legal interest upon a note containing usury works a forfeiture of the interest accruing after maturity as well as before.

WILLIAMS & BROWN FOR APPELLANT.

1. The several bills of exchange accepted by appellant, and delivered to the bank after he had become indebted to it, were given in renewal of a prior indebtedness from him to the appellee. (Honore's ex'rs v. Blakewell, &c., 6 B. M., 72; Muer v. Crow, 10 B. M., 282.)

2. The various renewals executed by appellant contained usury, which was carried forward into the bill sued on, hence appellee should recover only the sum actually due at the time the renewals began, deducting all payments made and dividends received. (Smith v. Young, &c., 11 Bush, 393.)

3. The reservation of a lawful rate of interest after maturity on a usurious obligation works a forfeiture of the interest so reserved after maturity as well as before. (Wilday v. Morrison, 66 Ill., 532; Discoll, &c., v. Tannock, 76 Ill., 154; Garr v. Louisville Banking Company, · 11 Bush, 189-90; Herrell, &c., v. National Bank of Somerset, 12 Bush, 57; Evans v. Chappel, MS. Opin., April .3, 1877; 2 Parsons on° Contracts, 128.)

W. N. SWEENEY AND R. H. TAYLOR FOR APPELLEE.

1. Each bill accepted by appellant was a distinct obligation, and operated as a payment of the prior bill, and any usury embraced in it cannot be regarded as carried forward into the new bill. (Letcher v. Bank of Commonwealth, 1 Dana, 85; Smith v. Young, 11 Bush, 393; 4 J. J. Mar.; 3 J. J. Mar., 681.)

2. Interest at ten per cent. may be charged, and a reasonable rate of exchange in addition thereto, and the court cannot determine that the excess over ten per cent. charged on the various bills accepted by appellant is not wholly to be set down to the account of exchange, instead of to the account of interest. (Pelcher's assignee v. The Banks, &c., 7 B. M., 548.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellee on a bill of exchange, dated April 29th, 1872, for ten thousand three hundred and twenty-three dollars and sixty-four cents, drawn on J. C. Rudd, by Charles P. and John D. Rudd, payable six months after date to appellee, and accepted by James C. Rudd.

Appellant, James C. Rudd, pleads usury to the full amount of the debt, and says that he became indebted to appellee as early as 1869, and that for the several sums due he executed, from time to time, notes or bills, in renewal of the original indebtedness, and that, on each renewal, appellee charged usurious interest at the rate of 12½ per cent. per

annum, which was either paid in advance or embraced in the renewal paper.

The bills taken up by the bill on which suit is brought are as follows: bill for $1,200, dated January 24th, 1872, due in sixty days, net proceeds, $1,174.40; bill for $7,952.61, dated January 20th, 1872, at sixty days, net proceeds, $7,783.03, and bill for $6,431.61, at sixty days, net proceeds, $6,294.48. On these several bills credits were entered April 24th, 1872, to the amount of $6,080.93. It is thus seen that interest in excess of ten per cent. was embraced in the bills mentioned, and carried forward into the bills sued on, and so apparently of all the antecedent bills. The court below, in its judgment, purged the bill sued on of the usurious interest embraced in it, but refused to relieve against the usury embraced in the antecedent bills. The judgment was for what appeared to be due on the bill in suit, without interest. From that judgment this appeal is taken, the appellant complaining of the refusal of the court to purge the bill of usury, and appellee, on cross-appeal, complaining of the refusal of the court to give interest after maturity.

Smith v. Young (11 Bush) and Martin v. Reed (MS. Op., Dec. 17th, 1873) appear to establish that the execution by new parties of the bill sued on, amounts to a payment of the old indebtedness, evidenced by the bills taken up, but that as the usury on the former bills had not been paid, the statute of limitations, as to such usury, did not begin to run at the time of the completion of this novation. A payment of the debt is not a payment of the usury, and until it has in fact been paid, the payment of the debt alone will not authorize the application of the statute of limitations. To the extent that usury is embraced in the debt, and so long

as it can be traced, the new obligation given in discharge óf the old indebtedness is without consideration.

We perceive no error in the failure of the court to grant interest on the bill sued on after maturity. This was a contract to pay legal interest, not upon the debt alone but. also upon the usurious interest embraced therein. (66 Ill., Wilday v. Morrison; 76 Ill., Discoll v. Tannock; 11 Bush,. Garr v. Louisville Banking Co.) The case of Evans v. Chappel (13 Bush) does not support the contrary view. There the principal, upon which the law allows interest after maturity, was not tainted with usury. The contract for usury had terminated, and the usurious interest agreed to be paid was not embraced in the sum upon which interest was. allowed after the termination of the contract.

Wherefore, the judgment is reversed on the appeal and affirmed on the cross-appeal, and cause remanded, with direction for further proceedings consistent with this opinion.