CASE 54—ORDINARY—FEBRUARY 26, 1881.

# Fitzpatrick, &c., v. Apperson's ex'x.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. The bank and its assignees, by the receipt of a part of the money paid toward the redemption of the land, are estopped to demand a deed or to deny appellants' right to redeem.

2. The mere change of the payee or of a part of the obligors is not a payment of usury, but it is the creation of a new contract, and discharges the obligors on the old obligation; and if the usury on the old debt be carried into the new contract, so as to constitute any part of the sum agreed to be paid by it, on the plea of the debtor the usury should be extracted.

W. H. HOLT AND A. DUVALL FOR APPELLANTS.

1. If the purchaser allows the former owner of the land to redeem even in part, and after the lapse of a year charges him ten per cent., it is usury. (Williams v. Williams, 8 Bush, 241.)

2. This case is different from Smith v. Young (11 Bush, 393), but is similar to the case of Rudd v. Planters' Bank of Kentucky (MS. Opin., May, 1879).

3. When part of redemption money is paid, the purchaser and his assignee are estopped to demand a conveyance.

REID & STONE FOR APPELLEE.

1. Appellants are estopped to deny that Apperson owned the notes sued upon.

Fitzpatrick, &c., v. Apperson's ex'x.

2. The law and facts having been submitted to the court, the judgment must be treated as the verdict of a properly instructed jury.

3. Admitting that the record shows usury, the plea comes too late. (Smith: v. Young, 11 Bush, 375.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In the years 1851-'2-'3 the Northern Bank of Kentucky recovered judgments against appellant, W. H. Fitzpatrick, and others, in the Floyd circuit court, on which executions were issued and levied upon his lands.

And at their sale Richard Apperson, jr., as attorney for the bank, became the purchaser.

Five of the parcels so sold were redeemed by Fitzpatrick, and as to the other tracts, after the time for redemption under the statute had expired, the bank, through Apperson as its attorney, on the 10th of May, 1858, received from Fitzpatrick three hundred dollars on its claims embraced by the judgments. And again, on December 16th, 1866, he paid to Apperson two hundred dollars on the bank's claims against him.

In October, 1875, Apperson having become, in some way unexplained by the record, the owner of the unpaid portion of the indebtedness of Fitzpatrick to the bank, they made a settlement, and counted the interest at the rate of ten per cent. per annum from the respective dates at which the several claims of the bank were originally due, and the appellants, W. H. and H. C. Fitzpatrick, jointly executed to Apperson five promissory notes for five hundred dollars each, payable in six, twelve, eighteen, twenty-four, and thirty months, with ten per cent. interest from date of the first, and a like rate from the date until paid of the others.

A mistake, by embracing in the calculation one of the original debts to the bank that had been paid, was discov-

Fitzpatrick, &c., v. Apperson's ex'x.

ered after the settlement, but it was promptly and willingly corrected by Apperson.

The evidence shows that a man by the name of Gearhart was bound upon the original indebtedness to the bank, and that he did not execute either of the above-mentioned notes.

Suit was instituted on them by the appellee as executrix of Apperson, and the appellants pleaded that the notes contained usury exceeding the sum of nine hundred dollars.

Judgment, from which they have appealed, was rendered against them for the amount of the notes and ten per cent. interest, subject to some uncontroverted credits.

From the facts, it is evident the notes contain unlawful interest, unless some reason can be shown in avoidance of appellants' plea.

It is claimed for the appellee that the ten per cent. interest counted by her testator, and included in the notes, was not illegal—

*First.* Because they were given in consideration of the right to redeem appellants' lands, and the interest was a part of the price of them.

*Second.* If the interest was illegal when it was agreed to be paid, it is not so now, because the change of the payee and omission of Gearhart's name and substitution of H. C. Fitzpatrick's was a novation that operated as a payment and discharge of the original debts, and that limitation, which she pleads, began to run from the novation, and appellants' claim is therefore barred.

It is true that a sale of a right to redeem the lands, after the expiration of the time within which appellant W. H. Fitzpatrick could have redeemed without the consent of the owner of the debts, would have been a sufficient consideration to support the promise to pay ten per cent., had it

constituted a part of the price to redeem. Yet the acceptance of the sums paid by Fitzpatrick in 1858 and 1866 on the original indebtedness or judgments was a waiver on the part of the bank of its right to demand a deed for the lands previously sold to pay that indebtedness or those judgments, and a notice to him that it would not insist upon its right to refuse redemption.

The bank and its assignee, by the acceptance of those payments, are estopped to demand a deed or deny the appellants' right to redeem the lands which he occupied without disturbance or notice of such a claim until the institution of this action. The notes were executed more than fifteen years after the acceptance of the $300 in redemption *pro tanto* of the lands, and it does not appear that the payment of ten per cent. was imposed at that time or at any other, until the execution of the five notes to appellee's testator.

And unless the obligation to pay more than the legal rate of interest in consideration of the right to redeem lands sold under execution after the expiration of the statutory limit of redemption, and before a deed be made to the purchaser, be entered into at the time or prior to giving the right to redeem, it is nothing but a contract to pay interest on a pre-existing liability forborne to be enforced in consideration of the new promise to pay the interest, which is not in consideration of the right to redeem, but for the forbearance to collect the remainder of the original indebtedness after the right of redemption had been accorded, and therefore the excess beyond the legal rate of interest will be usurious.

To sustain appellee's second position, it must be shown, as in the case of Smith v. Young, &c., 11 Bush, 393, that the

usury was paid; then limitation would commence to run from
the novation; but this has not been done.

The argument of counsel proceeds upon a misconception
of the legal effect of the facts of that case.

The mere change of the payee or of a part of the obligors.
is not a payment of the usury, but it is the creation of a
new contract, and discharges the obligors from the old obli-
gation.    And if the usury on the old debt be carried into
the new contract, so as to constitute any part of the sum
agreed to be paid by it, on the plea of the debtor the usury
should be extracted.

In the case of Rudd v. Planters' Bank of Kentucky, MS.
Opinion, May 26, 1880, it was held, "to the extent that
usury is embraced in the debt, and so long as it can be
traced, the new obligation given in discharge of the old.
indebtedness is without consideration."

None of the usury was paid by Fitzpatrick, according to
the general acceptation of the term payment, but the whole
of it was calculated as a part of the amounts of, and em-
braced in, the new notes; and it should have been taken out
of them, and a judgment rendered for the remainder, with
legal interest from the date the debts were originally due to
the execution of the notes, and thence at the rate expressed
in them.

Wherefore, the judgment is reversed, and cause remanded
with directions to grant appellants a new trial, and for further
proceedings consistent with this opinion.

The opinion herein is modified to this extent: that after
deducting any usury that may exist in the notes, the interest
for one year after the execution sales will be calculated at
ten per cent., and after adding principal and interest together,
interest at six per cent. will be computed on the result.
(Williams v. Williams, 8 Bush, 255-'6.)