CLAYTON MILLER'S EXR. *v.* J. H. WILSON ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—688.]

**Counterclaim—Demand.**

> An objection, that the amount prayed for in a counterclaim being blank, the counterclaimant is not entitled to recover anything thereon, not made at the proper time, is waived, and comes too late when first made on appeal.

**Usury.**

> To the extent that usury is embraced in a debt and so long as it can be traced, the new obligation given in discharge of the old indebtedness is without consideration; and if the usury in the old debt be carried into the new contract so as to constitute any part of the sum agreed to be paid by it on the plea of the debtor the usury should be extracted.

**Recovery Back of Usury.**

> The law denies to the holder of a note the right to recover the usury embraced in it, if pleaded by the debtor; but a debtor can not recover back usury paid by him more than one year next before he sues for it.

APPEAL FROM ADAIR CIRCUIT COURT.

March 9, 1882.

OPINION BY JUDGE LEWIS:

This is an action upon a note given to Clayton Miller, deceased, by appellees for the amount of the supposed balance due upon a note previously executed by appellees and others, which was given up to them upon the execution of the one sued on.

Appellees in their answer denied that there was any balance due upon the old note when the new one was executed, and alleging that it had been overpaid, asked in their counterclaim for judgment for such excess. Verdict and judgment having been in their favor, this appeal is prosecuted.

It is objected that the amount prayed for in the counterclaim being blank, appellees were not entitled to recover anything thereon. But as appellant failed to make his objection at the proper time and in the proper manner, and whatever the excess claimed may be, if any can be ascertained by reference to the facts set forth in the pleading, the objection comes too late.

It is contended by counsel for appellant that as some of the obligors in the original note did not unite in the execution of the new one there was a novation, having the effect to make what was usury in the old note, in the new note legal interest. This court, in the case of *Rudd v. Planters' Bank,* 78 Ky. 513, held that to the extent that usury is embraced in a debt, and so long as it can be traced, the new obligation given in discharge of the old indebtedness is without consideration. In the case of *Fitzpatrick v. Apperson's Exr.,* 79 Ky. 272, 2 Ky. L. 249, is the following: "The mere change of the payee or of a part of the obligors is not a payment of the usury, but it is the creation of a new contract, and discharges the obligors from the old obligation. And if the usury on the old debt be carried into the new contract so as to constitute any part of the sum agreed to be paid by it, on the plea of the debtor the usury should be extracted."

So it seems to be now settled by this court that even when there has been a novation by merely lessening the number of the original obligors, the debtors may by plea prevent recovery upon the new note to the extent it may contain usury. But whether appellees have the right to recover upon their counterclaim for usury paid more than one year next before the com mencement of their action for it, is a different question. While the law denies to the holder of a note the right to recover the usury that may be embraced in it, if pleaded by the debtor, it also denies to the debtor the right to recover back usury that may have been paid by him more than one year next before he sues for it. But as appellant did not plead and rely upon the statute of limitations in such cases provided, that question is not

before this court. Though the language used in Gen. Stat. (1881), Ch. 22, § 1, and Ch. 71, Art. 3, § 4, is similar, there is the difference that in cases within the statute of frauds, as called, no cause of action exists at all, while an action for the recovery of usury paid may be maintained, and can only be defeated by expressly pleading the statute of limitations.

As the pleadings stand we perceive no error in the ruling of the court upon this question. But in our opinion it was error to permit the credit upon the note dated December 1, 1871, to be read to the jury, and to permit the witnesses to testify as to the amount of that credit. The payment of the $80 was expressly denied in the reply, as well as the genuineness of the indorsement.

It is true, appellant had previously alleged that the credits to which the old note is entitled are correctly indorsed on the note. But that allegation was in reply to the statement by appellees that the credit dated July 1, 1869, should have been for $570 instead of $370, and was not inconsistent with the statement by appellee in regard to the indorsement dated December 1, 1871.

The old note being in possession of appellees, the burden was upon them to show that the $80 was paid and that the credit therefor was entered by Miller or by his authority. As there was no proof whatever that the amount was actually paid, or the indorsement made by Miller or any one for him, it was improper to permit the indorsement upon the note or the statement of the amount of the credit to go to the jury.

For this error the judgment must be *reversed* and cause remanded with directions to grant appellants a new trial and for further proceedings consistent with this opinion.

*Alexander, Baker & Reid, for appellant.*

*Rhorer & Jones, William Lindsay, for appellees.*

[Cited, *Crenshaw v. Crenshaw,* 24 Ky. L. 600, 69 S. W. 711.]