CASE 26—PETITION EQUITY—APRIL 16.

# Neal, &c., v. Rouse, &c.

# Crume, &c., v. Rouse, &c.

APPEALS FROM SPENCER CIRCUIT COURT.

USURY—LIMITATION.—All payments on a debt should be first applied to the principal and legal interest, and so long as any part of the principal and legal interest remains unpaid, the debtor may elect to have any payments he has made on the debt, at any time in the past, applied in that way, although the money was paid as usury. And this is true, although the note evidencing the debt may have been renewed from time to time since the payments were made, and although there may have been a change of a part of the obligors. The limitation of one year, which applies to actions to recover usury paid, does not apply.

G. G. GILBERT FOR APPELLANTS.

1. The renewal of a note to the same payee, without any new consideration, although with different sureties, is not a payment of the usury. (Fitzpatrick v. Apperson's Ex'or, 79 Ky., 272; Wood v. Gray's Ex'or, 5 B. M., 93; Booker v. Gregory, 7 B. M., 440; Ellis v. Brannin's Ex'or, 1 Duv., 49; Devon v. Naunheim's Adms'r, 7 Ky. Law Rep., 222. Gruelle v. Garrard, *Idem*, 598; Onan v. Onan, *Idem*, 833; Rudd v. Planter's Bank, 78 Ky., 513.)

  Smith v. Young, 11 Bush, 94, examined and criticised.

2. The chancellor will always purge a claim of usury, when the pleadings or proof show it to exist; and this he will do, although the debtor refuses to make such a defense. (Hart, &c., v. Hayden, &c., 79 Ky., 352; Lucking's Admsr. v. Gregg, 11 Bush, 300; Lee v. Fellow's, &c., 10 B. M., 118; Walker v. Goodman, 6 Ky. Law Rep., 601.)

3. The record establishes the existence of usury, and furnishes sufficient data by which the amount can be ascertained. (Lawless v. Blakey's Admsr., 4 Mon., 490; Stout, &c., v. Wright, Litt. Sel. Cas., 484; Sallee v. Duncan, 7 Mon., 383.)

W. C. McCHORD OF COUNSEL ON SAME SIDE.

F. P. STRAUS FOR APPELLEES.

1. Appellants must, by a preponderance of the testimony, furnish the court with data, reasonably certain and reliable, upon which a calculation can be made, showing with some degree of certainty how much usury was paid, and when paid. (Knauer v. Bullitt, 18 Ind., 221; Latham v. Glasscock, 10 Ky. Law Rep., 77.)

2. The execution of a new note, with a different set of obligors, was a complete novation, and operated as a payment of usury, and, consequently, the statute of limitations began to run at that time. (Smith v. Young, 11 Bush; Fitzpatrick, &c., v. Apperson's Ex'or, 79 Ky., 273; Rudd v. Planter's Bank, 78 Ky., 513; McGill, &c., v. Mercantile Trust Co., 4 Ky. Law Rep., 927; Roberts v. Thomas (Superior Court), 4 Ky. Law Rep., 227; Barrett v. Brooks (Superior Court), 4 Ky. Law Rep., 386; Nichols & Bless, v. Bellows, 22 Vt., 581; Grow v. Alber, 19 Vt., 540; Dey v. Dunham, 2 Johnson's Ch'y Rep., 191; Johnson v. Johnson, 11 Mass., 359; Gaithen v. Bank of Georgetown, 1 Pet., 43; Simpson v. Warren, 15 Mass., 460; Davies v. Cousin & Co., 35 Vt., 508.)

FAIRLEIGH & STRAUS, W. P. D. BUSH OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

These cases involve the same question, and are, therefore, heard together. The defense is, that the original loans, with legal interest, have been over-paid, and that

the notes sued upon are altogether for usury. Each of the debts was renewed several times, but the payee and the principal were the same in all of the notes. The sureties were changed however.

It is claimed that this was a novation, equivalent to payment, and defeats the plea of usury, as our statute bars its recovery after the lapse of a year from its payment.

Indeed, more than this is claimed. It is insisted first, that no usury was ever promised or paid; but if so, that it was, in fact, paid *eo nomine* as usury, was not embraced in any renewal note, and can not, therefore, be now relied upon as a defense, there having been a novation by the change of sureties. It was once held that a mere renewal of a debt by the execution of a new note by the parties to the old one was such a novation as entitled a party to at once sue for any usury that had been paid, and unless he did so within the statutory period, he was barred of the right. This rule has, however, long since been overturned, and the modern one is that as long as any debt exists, the usury may be reclaimed and relied upon as a defense, although the evidences of the debt may have been repeatedly renewed. It is said, however, that this is not so where there has been a change of parties to the note, because a new debt has then been created.

It was, however, held in Fitzpatrick, &c., v. Apperson's Ex'or, 79 Ky., 272, that while a change of a part of the obligors creates a new contract and releases all obligation upon the old note, yet it does not operate as a payment of the usury. It is true in that case, the usury was carried into and embraced in the new note, and it was held that

the usury should be extracted upon the request of the debtor.

It is, however, further said, that if in the case now before us any usury was exacted, it was in fact paid; not embraced in any new note, and that the notes sued upon therefore contain no usury. It is, therefore, urged they are not tainted, and the debtor, having renewed the debt with other sureties, and not having sued for what was paid as usury, within a year from the payment, can not now rely upon such payment as a defense to the note, but is remediless, although, if what he paid had been applied in discharge of his debt and legal interest, there would, perhaps, be nothing owing, leaving the notes sued upon composed altogether of usury. This question does not appear to have been expressly decided by this court.

It was said, however, in Kendall v. Crouch, 88 Ky., 199: "Any payments theretofore made will be treated as having been paid upon the principal and legal interest, without regard to how they were in fact made or received. They will be so treated at the election of the debtor, although they were paid as usury; and so far as the usury has been carried into the new note, it is without consideration and can not be recovered. A change of payee, or of a part of the obligors, will discharge those bound upon the old obligation, because it is a new contract, but it is not a payment of usury; and if it be carried into the new obligation as a part of the sum to be paid upon it, it is to that extent tainted, and the usury will, upon plea, be extracted."

If any payments, although paid as usury, are at the election of the debtor to be treated as payments of the principal and legal interest, then it logically follows that

when the principal and legal interest are satisfied, what-ever claim remains is composed of usury, and is open to defense upon this score. The renewal note is for too much by the amount of usury that has been paid; and one should be regarded as paying usury only when he has paid all that is legally due. This right of defense would, of course, exist only where the creditor is still asserting a claim by reason of the loan. This view is, in our opinion consistent with common sense and reason. It will prevent litigation by lessening the number of suits, and will effectuate the real spirit and purpose of the law against usury.

If not the rule then this law will, in effect, be of no avail. The debtor is largely at the mercy of the loanor. He feels, and is usually in fact, compelled to obey his request. The latter has only to demand of him the usury, let the rate be what it may, and then require other security; and then if the debtor does not sue him for the usury within a year, he is safe in an evasion of the law. The debtor is not, of course, going to do so, if he still owes the debt; he would not dare to do it. So, unless so long as any claim is being asserted by the loanor by reason of the loan, the debtor can rely upon any payments of usury as against it, the creditor is comparatively safe, and the statute against usury in the main a dead letter. To fairly carry out its spirit and purpose, the debtor should have the right to require a proper application of the payments, although they may have been made as usury. All payments are made upon the note, and should be so treated, because then there can be no evasion of the law.

We do not, of course, determine whether any usury was in fact paid, and, if so, how much in this instance. That

is a matter to be yet ascertained and determined. The cases stand as if the plea of the statute of limitation had upon demurrer been held good. They were referred to a commissioner, who merely reported a calculation of the debts from the outset at legal interest, and that if any usury had been paid, it had not been incorporated into the renewal notes, and that their execution with other securities cut off all claim by the debtor for usury as against the note sued upon after the lapse of a year from its payment.

He decided the legal question, leaving the facts unreported; and the lower court confirmed his report and rendered a judgment for the sum reported by him as owing upon the notes sued upon, they being subject to certain admitted credits. The case was not tried on its merits; the facts were not inquired into, the decision being that the statute of limitation rendered it unnecessary.

The judgments are reversed for further proper proceedings.