CASE 68—EQUITY—USURY—OCTOBER 20.

## Shirley v. Stephenson, Etc.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. NOVATION—CHANGE OF PAYEE—USURY.—The mere change of the payee of a note, or even of a part of the obligors, is not a payment of the usury, if any is embraced in it, and to the extent that usury is embraced in a debt, and so long as it may be traced, the new obligation made to a new payee, and given in discharge of the old indebtedness, is without consideration.

2. SAME.—Where the debt is the same, the mere change in the names of the obligees does not operate as a novation of the debt as to the usury included, and this is true notwithstanding the the fact that the new obligees may have gone through the form of lending the money which was paid to the former obligee, unless the transaction was in good faith and in fact a loan of money to the obligor.

3. SAME—PLEADING.—An averment that the debt sued on is the same debt evidenced by note to the former obligee is an averment of fact and not the mere conclusion of the pleader. A debt is as susceptible of identity as any other given quantity.

W. E. SELECMAN FOR APPELLANT.

A plea of usury is tendered by the answer. Kendall v. Crouch, 88 Ky., 199; Fitzpatrick v. Apperson's Exrs., 79 Ky., 272; and a change of payees is not a payment of the usury.

T. L. EDELEN, ALSO FOR APPELLANT.

A submission of an equity action at the appearance term confesses the substantive averments of the answer. Civ. Code, Bullitt's Ed., sec. 366 and notes. On reversal, therefore, the mandate should direct judgment in accordance with the facts as averred in the answer.

W. C. McCHORD FOR APPELLEE.     (W. W. STEPHENSON OF COUNSEL.)

1. Defendant's rejoinder was a sham pleading.

2. The commissioner's report of sale can not be attacked except
in a direct proceeding or upon an allegation of fraud or mistake.
Ky. Stats., sec. 3760.

W. W. STEPHENSON, ALSO FOR APPELLEE.

The defendant's pleading presented no defense. Smith v.
Young, 11 Bush, 393; Fitzpatrick, &c. v. Apperson's Exr., 79 Ky.,
272; Kendall v. Crouch, 88 Ky., 199; Sutherland v. Owensboro
Bank, 8 Ky. Law Rep., 431.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

To the suit of appellee, Mrs. A. T. Stephenson, on a prom-
issory note for the sum of $2,700, dated December 28, 1893,
due in one year, and secured by a mortgage on his lands,
the appellant answered to the extent of $1,553.33 thereof
the note was without any consideration.   It further de-
velops, according to the averments of the answer, that in
January, 1875, appellant borrowed from Dr. A. T. Stephen-
son, the husband of the appellee, Mrs. Stephenson, the sum
of $1,000, and in January, 1876, paid him on the note exe-
cuted for the loan, $100, and a like sum in January, 1877;
also in January, 1878, $80, and a like sum in January of
the years 1879, 1880, and 1881.   In November, 1881, he paid
him the sum of $68.85, when there was due on the note the
sum of $779.07.   At the last-named date appellant bor-
rowed of Dr. Stephenson the further sum of $2,000, and
executed to him his three notes therefor of $1,000 each;
and it is averred that the sum of $220.93, embraced in
these notes, was for usurious interest.   It is further aver-
red that on the date—November, 1881—appellant conveyed
his farm, the same now covered by appellee's mortgage,
in Washington county, to Dr. Stephenson, who immediate-
ly reconveyed it to appellant, reciting in this reconveyance
that the notes held by him represented the purchase price
of the land, whereas the transfer of title was purely ficti-

tious, and gotten up to afford a safeguard against any claim of usury. He further alleges that, being then in debt to Dr. Stephenson in the sum of $2,779.07, he paid on the debt the sum of $242 in December or November of each of the years from 1882 to 1889, inclusive, and on December 30, 1889, he paid the sum of $503.77; that in December, 1890, he paid $201.05, and in December of each of the years 1891 and 1892 the sum of $200; and in December, 1893, the sum of $225.50. He avers that by applying these payments first to the extinguishment of legal interest, and the residue to the satisfaction of the principal of the debt, there would be due on the debt on December 28, 1893, when he executed his note to the appellee, Mrs. Stephenson, the sum of $1,146.67, and that the note sued on by appellee should have been for that sum only. The appellant then recites that during the lapse of time mentioned Dr. Stephenson had the notes changed and renewed in different forms; that in 1887 he caused appellant to execute his notes to his minor daughters, then single, and members of his family, but no money was passed, and the new notes represented the same old debt, the change in the payees being made for the purpose of defrauding appellant, and defeating any claim of usurious interest he might make. Appellant then proceeds further to aver that the notes and debt were again changed when the note sued on was executed in December, 1893, and then made payable to appellee, Mrs. A. T. Stephenson, wife of Dr. Stephenson; that he had no business transactions with Mrs. Stephenson, nor owed her any money; that the note executed to her as payee was the same old debt, which had long been standing between Dr. Stephenson and himself, and the change was made for the purpose of defrauding him out of the usurious interest paid thereon; and all these changes were

made at the instigation of Dr. Stephenson for the purpose
indicated.    For reply, the appellee averred a want of
knowledge or information on which to form a belief as to
the existence of the various transactions alleged to have
occurred between appellant and her husband, and she
avers that the notes held by her husband on appellant
were land notes, and so recited on their face; that these
notes the appellant paid off with money borrowed by him
from his daughters; and she denied that the alleged
changes were made to avoid the plea of usury.   She also
denied that the debt of which the note sued on is evidence
was the same old debt which had been of long standing
between appellant and her husband, and denied that ap-
pellant had no business transactions with her, or that he
owed her no amount, or that the debt sued on was a re-
newal of the obligation to Dr. Stephenson, and made for
the purpose indicated.   She averred that the old transac-
tions had no connection whatever with the new, and that
she loaned to appellant the money for which the note was
executed.   As proof that she so loaned him the money, and
as we view the pleading in support of her averment to
that effect, she further set out that she paid appellant the
money so loaned him, viz., $2,767.25, by a check on the First
National Bank of Harrodsburg, Ky., and which check was
indorsed and collected by appellant; and she avers that on
the same day he received the check, and had it placed to
his credit at the bank on which it was drawn, he paid out
the money to the three daughters in payment of the notes
they held on him.  And she filed with her pleading the check
she alleged she had given appellant, and the three checks
he had at the same time given her daughters.   By his
rejoinder the appellant again denies that the three notes
originally held by Dr. Stephenson on him for $1,000 each,

were for purchase money on land, or that they were ever paid off, save as set out in his answer. He denies that he borrowed $3,000 from the three daughters, or any part thereof, and avers that the said transaction is fully set out in his answer. He denies that he borrowed of the appellee $2,767.25, or any part of it. And, in explanation of the facts set up in the appellee's reply with respect to the checks, he says that it is true that on the day of the execution of the note to appellee he met the son of the appellee and of Dr. Stephenson, and the brother of the three daughters, and who was a practicing attorney at law, and, as such had been managing this business for many years, and that at said Stephenson's instance, and, indeed, upon his threats of instituting suit, he did indorse his name across the back of a check which appeared to have been drawn by appellee, Mrs. Stephenson, though in fact it was not drawn by her; and under the same restraint he did sign his name to three checks, copies of which he supposes are on file; but he did this under restraint, being embarrassed with debts, and to prevent said attorney from instituting suit on the notes the attorney held on him in the name of the three sisters, and was then induced to sign the note sued on, and indorse the check of appellee, which the attorney then produced. He avers that this was only a scheme concocted by the attorney for the purpose of covering up the usury already set out in his answer; that this was but another continuation and renewal of the debt begun in 1875 with Dr. A. T. Stephenson. He denies that he collected the check which appeared to have been drawn by appellee, and merely indorsed it, and delivered it back to the attorney who had brought it to him at the same time he delivered to him the three checks on file; that, if the check of appellee was ever placed to his credit, it was

done by the attorney, and at the attorney's instance, and that appellant did not cause it to be placed to his credit. In an amended rejoinder he reiterates that he in fact borrowed no money from appellee, Mrs. Stephenson. He again denies that there is any consideration for the note sued on, except he admits he owes Dr. Stephenson the sum of $1,146.67. He denies that he collected the check, which was apparently drawn in the name of appellee, or got any benefit therefrom, except to prevent a suit against him, as fully explained in his rejoinder; and prays as in his answer, etc. Demurrers were sustained to the original and amended rejoinders, and over the objection of appellant the motion for appellee to submit for judgment was sustained, and judgment rendered for the debt sued on, and for a sale of the land.

It is well settled that the mere change of the payee in a note, or even of a part of the obligors, is not a payment of the usury, if any is embraced in it; and that to the extent that usury is embraced in a debt, and so long as it may be traced, the new obligation made to a new payee, and given in discharge of the old indebtedness, is without consideration. Fitzpatrick v. Apperson's Ex'rs, 79 Ky., 272; Kendall v. Crouch, 88 Ky., 200 [11 S. W., 587]. On these principles it is clear that, the debt being the same, the mere change in the name of the obligees of the notes executed by appellant first to Dr. A. T. Stephenson, then to his minor children, and lastly to his wife, does not operate as a novation or payment of any usury with which the notes at any stage of their existence may have been tainted. And this is true notwithstanding the daughters may have in fact gone through the form of furnishing the cash to appellant when their father's name was dropped as payee and theirs substituted, unless, indeed, the transaction was

in good faith, and in fact a loan of money to the appellant. And so, if the name of the wife be merely substituted as payee in an old obligation, which represents the same old debt due to her husband, the usury in the old obligation must still be extracted, even if the form of passing checks be gone through with. That the debt sued on is the same old debt, which originated in 1875 and in 1881, is reiterated again and again by the appellant in his answer and in his subsequent pleadings. This averment is not a mere conclusion. A debt is as susceptible of identity as any other given quantity. It is a matter of fact whether a debt, as evidenced by a certain form of writing, is the same debt as may be evidenced by another form. And the averment on that behalf is as susceptible of proof as is the averment that the horse John rode to town is the same horse that he rode home. This oft-repeated averment of the appellant that the debt sued on is the same that originated with Dr. Stephenson, and is still due him, is not necessarily refuted by the facts that certain papers, checks, and even cash, passed between the obligor and the new obligees. The question is, were these papers or checks passed in the course of a genuine and real transaction, or were they mere shadows and forms, lacking real substance? The averment on the part of appellee is that she in fact and in truth loaned appellant certain money, and to prove it she produces a check signed by him and indorsed by appellant. The appellant denies that she in fact loaned him a dollar, and avers that at the instance of appellee's attorney he did indorse a check, apparently signed by appellee, which he delivered back to appellee's attorney; and at the instance of the same attorney he did sign certain checks, and also delivered them to the attorney. Still *no money passed*, and the transaction was a mere form, meaning

nothing to appellant.   He did sign the note to the new obligee, Mrs. A. T. Stephenson, and still no money passed, and, so far as he was concerned, he avers "this was but another continuation and renewal of the debt begun in 1875 with Dr. A. T. Stephenson."   It seems to us the answer presents an issue of fact which is not avoided by the statements of the reply.   The issue remained, and, moreover, to whatever extent it may be supposed the reply avoided the averments of the answer, the rejoinder and amended rejoinder in turn made good  the original plea of the appellant by attacking the genuineness of the avoiding facts, and averring them to be mere attempts to cover up the vice of the original transaction.   The demurrers to the rejoinders should have been overruled, and opportunity given the appellant, to make good the issues tendered by him.   The judgment is reversed for proceedings consistent herewith.