# No. 4125.

## (Court of Appeal, Parish of Orleans.)

## HENRY L. HUNTINGTON vs. J. W. WESTERFIELD.

1. Although one may have no right to recover on a cause of action because of the lapse of time, he may yet use the cause of action as an exception in order to defeat his adversary, at whatever period the latter may seek to enforce the contract. This principle finds expression in the maxim Quae temporalia sunt ad agendum perpetua sunt ad excipiendum, and in the rule that one may use as a shield what he may no longer employ as a weapon.

2. All that is necessray to the exercise of this right is that the exceptions urged are, in the language of the commentators, "viscerales," "necessairement attachees a l'action est inseparables de la demande."

3. Where usurious interest paid is pleaded as an exception to an action, although the direct action to recover it is prescribed, the maxim "Quae temporalia suit," etc., will come in aid of the defense.

Appeal from the Civil District Court, Division "D."

F. Rivers Richardson, for Plaintiff and Appellee.

Wm. W. Westerfield, for Defendant and Appellant.

MOORE, J. Plaintiff sued the defendant as the surety on four promissory notes, one for $100.00; an other for $75.00 and two others for $55.00 each; all dated on the 20th Feby., 1904, and each payable sixty days thereafter, and which aggregate the sum of $285.00 in principal.

The answer interposes the pleas of payment and want of consideration and avers that the notes sued on were the representations of original loans one of Feby. 9th, 1899, of $100.00, for which two notes of $55.00 each were given, maturing in 60 days; an other loan on May 15th, 1899, of $75.00 for which a 60 day note was also given; an other loan on May 18th, 1900, of $100.00 for which a note also at 60 days was given; all of which aggregate the sum of $285.00 and are now represented by the notes sued on. That on these loans the maker of the notes has paid to plaintiff the sum of five hundred and seventy dollars in the form of interest at the usurious rate of from 3 to 5 per cent per month; that the notes sued on do

186

not represent an original transaction but are the last of a series of notes given periodically in renewal of the original obligations created, as stated, in 1898 and 1899 and that on these original obligations the maker had paid to plaintiff in cash usurious interest and charges at the time of each renewal the amount above stated which being in excess of the amount of the original loans constitutes a payment thereof and renders the notes now sued on to be without consideration.

On a former trial of the cause in the District Court the defendant sought to prove the averments of his answer when he was met with the objection that the evidence was inadmissable because irrelevent and incompetent:

(1.) On the ground that under the law the holder of a note has the right to sue for and recover the full amount of the face of the note independent of what were the anterior transactions between the parties and whether or not usurious interest or discount is incorporated in the face of the Note.

(2.) On the ground that the plea of usury can only be urged in a suit to be filed, or which has been filed, for the recovery of such usurious interest by the payer thereof, against the person who receives such usurious interest.

(3.) That such plea can only be urged as against the receiver of usurious interest by the payer thereof and is personal to such payer.

(4.) That in any event no evidence is admissable as to the payment of usurious interest more than twelve months beyond the date of the filing of the suit for the recovery of such usurious interest."

The objection was sustained, the evidence excluded and judgment rendered in favor of plaintiff for the full amount claimed.

From the judgment the defendant took an apepal to this Court . On the 13 June, 1905, we handed down an opinion in which we resolved all the objections urged to the reception of the evidence against the objector and made decree in avoidance of the Judgment appealed from, but remanding the cause for trial *de novo* with instructions that the rejected evidence be received, adding, however, "but without prejudice to its (the evidence) being limited or restricted accordnig as a proper ruling on the plea of prescription may warrant and about

which we presently express no opinion." In due course the plaintiff and appellee applied to the Supreme Court for certiorari or writ of review of our said opinion and decree, but the application coming in due course for examination the conclusion reached on consideration thereof, was that the same should not be granted and, accordingly, the application was dismissed. (No. 15761 of the Docket of the Supreme Court, in re H. L. Huntington applying, etc., July 27th, 1905.)

On the second trial below the plaintiff repeated his objections to defendant's evidence, but they were overruled, whereupon he filed the plea of prescription of one year "against the claim for usurious interest said to have been collected by the plaintiff."

The trial Judge allowed all usurious interest paid within twelve months from the filing of the suit, which interest amounted to $83.60; sustained the plea of prescription as to all usurious interest paid beyond that period, and awarded judgment accordingly in favor of plaintiff for the sum of two hundred and one 40/100 dollars with interest as prayed for. From this judgment the defendant appeals and the appellee, for answer, prays that the judgment may be amended in his favor by awarding him the full amount sued for.

The learned counsel for plaintiff and appellee earnestly argues that our opinion and decree on the first appeal are erroneous; that we erred in holding, First: That an issue was presented in the case concerning an usurious transaction to which evidence could be responsible, forasmuch as such issue can be raised only in a direct action for the recovery of usurious interest or by way of reconventional demand; and Second: That the plea of usury is not personal to the maker of the note but can be set up by the surety.

In the opinion referred to we said of the first objection: "The usurious nature of the transaction may be made an issue by way of defense as well as by direct action. He who has a right of action to claim what is due him, has a right yet more evident to use the same cause of action as an exception in order to preserve his rights." As to the second objection we said: "It is code law that the surety may oppose to the creditor all the exceptions belonging to the principal debtor,

188

and which are inherent to the debt, except of course those which are personal to the debtor; C. C. 3060. Hence, he may plead want of consideration or an illegal one, non-age, coveture and usury 10 La. 415; 6 R. 120; 4 R. 159; 42 A. 39 C. C. 3037-3045-3060 Levy vs. Gusby, 3 Cranch (U. S.) 180- 2 Met. (Mass.) 8; 33 N. Y. 31; 73 N. Y. 576."

We are still of these views, but even were it otherwise they are now the law of this case and are as binding upon us as they are upon the parties hereto.

.These issues are now beyond review and we, therefore, cannot consider them.

We pass therefore to the consideration of what is now alone left in the case. What is left is a question of fact, *id est,* has the usurious character of the transaction bee nestablished and, if so, to what extent? And, as a matter of law, can the plea of prescription operate to defeat this defense?

A careful reading of the evidence satisfies us as it did our esteemed brother of the District Court, that the taint of usury runs throughout the entire transaction and that the holder of the notes, the plaintiff, has received on them, or rather on the original loans which these notes evidences more than double the amount called for on the face of the notes.

The original loans in the amounts and at about the several dates stated in the answer, supra, and aggregating $285 00 were originally evidenced by four notes of identical amounts and maturities as are the notes sued on. They were discounted by the plaintiff at the rate of five per cent per month. Every sixty days when the notes would mature, they would be exchanged for new notes for like amounts and at same maturities, and again the maker was charged, and would pay, a discount of five per cent per month on each note. This rate was charged and paid for several years, when finally the rate on one of the loans was reduced to four per cent per month and on an other to three per cent per month. The interest, or discount, thus charged was never capitalized or included in the note, but was paid in cash, so that the notes sued on as well as the hundred of intervening notes are of the same denomination as the original notes given to evidence the original loans. On these loans the defendant has paid to plaintiff some six hundred and fifty odd dollars, of which eighty-three 60/100 dol-

lars were paid within the twelve months preceding the filing of the instant suit. Under this state of facts it is clear that the original loans have been fully—almost triply—paid, the original debts extinguished and the notes sued on without consideration. Chadwick vs. Menard, 104 La. 43, 'unless, as contended by the appellee this defense is defeated by the lapse of time, the prescription of one year.

The basis for this plea is paragraph 6 of Art. 2924 C. C., which paragraph reads as follows.

"Except in the cases herein provided, if any person shall pay on any contract a higher rate of interest than the above, (eight per cent per annum), as discount or otherwise, the same may be sued for and recovered within twelve months from the time of such payment."

The instant case does not fall within the exception of the article in that the usurious interest was not capitalized and included in the notes, so that the question is whether, notwithstanding the fact that the right to sue for and recover usurious interest paid beyond twelve months from the time of such payment is prescribed, may not the same be urged by way of an exception to an action for debt. The principle that although as the actor, one may have no right to recover on a cause of action because o fthe lapse of time, he may yet use the cause of action as a nexception, in order to defeat his opponent, at whatever period the latter may seek to enforce the contract, and which principle finds its expression in the maxim:

*Quae temporalia sunt ad agendum perpetua sunt ad excipiendum,* and the rule that one may use as a shield what he may no longer employ as a weapon, is well recognized in our law.

All that is necessary to the exercise of this right is that the exception urged is, in the language of the commentators, *"viscerale," necessairement attachees a l'action est inseparable de la demande."* 2 Troplong Trast de Presp. No. 833.

Thus it has been repeatedly held that a vendee when sued for the price of a slave may resist the demand on the allegation that the slave was affected with a redhibitory disease at the time of purchase, though more than a year had elapsed since the sale and notwithstanding that the direct action to avoid

the sale is prescribed in one year.    Thompson vs. Milburn, 1 Martin N. S. 468; Riddle vs. Kreinbuhl 12 A. 297.   Dickson vs. Bell 13 A. 249.

So also in actions to recover the purchase price of a tract of land the exception of a *quanti minoris,* though it would be prescribed if urged by direct action was permitted as an exception; Davenport heirs vs. Fortier et al 3 N. S. 695; Bushnell vs. Brown's Heirs 4 N. S. 500; Lafiton vs. Doiren 12 A. 164; Davis vs. Millandon 14 A. 881.

So also, although the direct action to annul a judgment for fraud and collusion was prescribed, yet the defendant was allowed to attack it for these grounds when it was opposed to him by way of exception.    Muse vs. Yarborough 11   La. 532.

So in Marshall vs. Grand Gulf Co., 12 R. 198 where a contract was sought to be enforced against the defendant its nullity urged by exception was sustained although the direct action to annul it was prescribed.

And as more immediately and directly in point, in Wright Williams & Co. vs. Hill & Co., 13 A. 233 it is held that when usurious interest is pleaded as an exception to an action, although the direct action to recover it is prescribed, the maxim "Quae temporalia," etc., would come in aid of the defense. To the same effect is Walker vs. Villavaso 18 A. 712-714, although on rehearing it was held that as there were "two contracts between these parties," the usurious interest having been paid on one, and the other being in suit, the one was not "viscerale" to the other and therefore the maxim did not apply.

As the maxim "Quae temporalia," etc., is recognized and enforced in other jurisdictions it may not be amiss to cite, as authority, the views of the Courts of our Sister States on this subject.   Thus in Illinois it is held in Harris vs. Bressler 10 N. E. 188 that "While it is the rule of our Code that usurious interest once paid voluntarily, cannot be recovered back, yet that rule does not apply when the transaction has not been settled, and the lender brings his action for the recovery of an alleged balance.    In such case the borrower may defend note by the parties to the old one was such a novation as entitled a party to at once sue for any usury that had been paid, and

unless he did so within the statutory period, he was barred of the right. This rule has, however, long since been overruled; and the modern one is that as long as any debt exists, the usury may be reclaimed and relied upon as a defense, although the evidences of the debt may have been repeatedly renewed."

In Ruad vs. Anderson 71 S. W. 340 the Court said:

Appellants do not seek to recover back usury actually paid in the meaning of the statute prescribing one year's limitation. For it is well settled that, no matter how long previously usury may have been counted, nor how many renewals of an original note there may have been, when payment is demanded, the debtor may have the outstanding notes purged of usury, and when they have been from time to time, partial payments made he may likewise, upon a calclulation and determination of what is legally due, have the debt decreased, as to the full extent of such by claiming credit for whatever usurious interest he has paid in the transaction. The Court is not using the usury law as a sword, but strictly as a shield. This rule is equitable, and, if a different rule is to be adopted it should be done by legislative action, and not by judicial construction."

In Texas the right to recover back usurious interest paid is barred by the prescription of two years. Art. 3106 Rev. Stat. 1895, but the Court in Smith vs. Mason 39 S. W. 188 held that:

"The plea of usury in an action on a note is not a suit to recover money paid on a usurious contract to which the statute of limitation applies."

In Neale vs. Rouse 19 N. or S. W. Rep. 171, Ky., the Court said:

"The defense is that the original loans, with legal interest, have been over paid, and that the notes sued on are altogether for money. Each of the debts was renewed several times, but the payee and the principal were the same in all the notes. The sureties were changed, however. It was once held that a mere renewal of a debt by the execution of a new usury as may, at any time, have been counted and included." See also 11 Bush (Kentucky) 393; 78 Ky. 513 p. 79 Ky. 272; 71 Ga. 549; 83 Ga. 160.

For these reasons the Judgment appealed from must be reversed and plaintiff's suit dismissed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, set aside and reversed and that plaintiff's suit be dismissed at his costs.

February 18, 1907.

Rehearing refused March 11, 1907.

Writ granted by Supreme Court April 11, 1907.

Decree Supreme Court, July 3, 1907.