## Cambron v. Boldrick, Trustee, et al.

(Decided March 12, 1912.)

## Appeal from Marion Circuit Court.

1. Usury.—No usury can be regarded as paid until the satisfaction of the principal and legal interest.
2. Same—Right to Recover—Second Lien Holder—Right to Purge Prior Lien of Usury.—Where a partnership buys property and to pay for it borrows money secured by a lien on the property, and then sells it to a member of the firm in consideration of his assuming the lien indebtedness and executing his notes to the other partners secured by a second lien and the vendee becomes insolvent and the property is sold and the proceeds are not sufficient to pay the second lien, the second lien holders are entitled to have the first lien purged of usury for their benefit and until their debt is paid, the vendee can not recover usury of the first lien holder.

SAM T. SPALDING and W. W. SPALDING for appellant.

H. W. REEVES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On November 14, 1910, R. G. Taylor was adjudged a bankrupt. On November 29, 1910, C. C. Boldrick was selected a trustee and duly qualified an entered upon the discharge of his duties as such. Thereafter, he brought this action in the Marion Circuit Court to recover of C. B. Cambron the sum of $200, alleged to have been paid as usury. Upon the conclusion of the evidence, the trial court directed a verdict in favor of the trustee, and Cambron appeals.

It appears from the record that R. G. Taylor, Tom Thompson and E. K. Hughes were partners engaged in farming and trading under the firm name of "Taylor, Thompson & Hughes." In December, 1909, they negotiated with one William Dawson for the purchase of his farm in Nelson County, at the price of $9,150. Not having the available money on hand, they arranged with C. B. Cambron for a loan. The transaction was finally consummated in the following manner:

Cambron purchased the land from Dawson for the sum of $9,150, it being agreed at the time that the partnership would pay him the sum of $1,500, the difference

between the amount he agreed to lend on the farm and the amount of the purchase price, and also $200 as a bonus for making the loan. The partnership borrowed $1,700 from a bank and paid this sum to Cambron who then deeded the land to the partnership, reserving a lien thereon for the sum of $7,650 which was represented by ten promissory notes for the sum of $765 each, and payable in one, two, three, etc., years respectively. Before Taylor was adjudged a bankrupt, the partnership had paid to the bank the sum of $300 on the $1,700 borrowed by them, and Taylor purchased from the partnership the farm purchased by the partnership, the consideration being the assumption by Taylor of the payment of the ten notes aggregating $7,650 and the further consideration of $1,600 represented by three notes and secured by a lien on the property. It is agreed by the parties that the estate of the bankrupt, R. G. Taylor, will not be sufficient to pay all the preferred claims; that the land which the bankrupt purchased, when sold by the trustee, brought only $8,650; that the general estate of the bankrupt was not sufficient to pay the costs incident to the settlement of the estate in bankruptcy, and that the $1,600 debt of Thompson and Hughes, secured by a second lien on the land they conveyed the bankrupt, will not be paid in full. For appellee, it is insisted, and the trial court held, that Taylor, by the purchase of the farm of his co-partners, acquired a right to sue for and recover the alleged bonus or usury paid by the partnership to Cambron, and that this right passed to his trustee in bankruptcy. It is the rule that no usury can be regarded as having been paid until the satisfaction of the principal and legal interest. (Paine v. Levy, 142 Ky., 619, and Neal v. Rouse, &c., 93 Ky., 151.) In this case, there has been no payment by the bankrupt; not only so, but, as it is admitted that the assets of the bankrupt's estate are sufficient to pay Thompson & Hughes who hold a second lien on the property, it follows that if there is any usury in the loan made by Cambron, they, themselves, are entitled to have it purged of usury for their benefit and to subject the remainder of the proceeds to the payment of their lien claim. Banta v. Louisville Sav. Loan & B. Co., 22 Ky. Law Rep., 1045. That being true, no right or recovery has been shown.

This conclusion makes it unnecessary for us to pass

on the right of the trustee to sue and recover usury paid by the bankrupt.

The judgment is reversed and cause remanded, with directions to dismiss the petition.