Browning *vs.* Thompson.

ORD. PET.

Case 14.

13bm387
112 168

ERROR TO MASON CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

December 23.

1. The law regards all agreements made by a debtor not to claim usury which he has agreed to pay, whether in the form of a release or by direct promise, as made under the coercion of the creditor, as shifts and devices to evade the statute, and they are ineffectual to bar the right to insist upon the usury.

2. A release of claim to usury by debtor to creditor, is only a release of the legal right to object to the payment of the usury; or in other words, an agreement, in different language, that he will pay the usury according to contract, and therefore invalid and inoperative.

This was an action by ordinary proceedings on a promissory note for the payment of three hundred and eighteen dollars, forty-one cents, due the 24th of December, 1850. Case stated.

The defendant, in his answer to the plaintiff's petition, stated, that for many years previous to the date of the note sued on, he had been largely indebted to the plaintiff; that by the agreement of the parties, he was to pay usurious interest on the debt; that the note for the debt was renewed from time to time, including at each renewal a large amount of usury; that he had made several large payments on the debt, which he set forth in detail; that the whole of the original debt, and the legal interest thereon had been paid, and that the consideration of the note sued upon consisted exclusively of the usury and the interest upon the usury, that had accrued in the transaction. He stated further, that he had made some payments upon the note sued upon; that he had a right to reclaim the amount so paid, the demand being wholly for the usury, and he thereupon set it up as a counter claim against the plaintiff.

The plaintiff, in his reply, admitted that there was usury in the note sued on, to the amount of about one hundred dollars; but denied that any part of the debt, except that amount, consisted of usury.

He alleged that the defendant had entered into an agreement with him before the institution of the present action, by which he released all claim for usury, and executed the following writing as evidence thereof, which he set up and relied upon to defeat the right of the defendant to an abatement of the debt, on account of the usury embraced in the note sued on, viz:

"This is to certify that William B. Thompson and " myself, have this day settled our accounts of every " kind, including usury, and that the said Thompson " has this day *surrendered* me full satisfaction for " the same to this date. February 24, 1852. ALLEN " BROWNING."

It appeared that the parties were settling some notes and accounts entirely unconnected with the present demand, and that Browning had an account of thirty-four dollars, and ninety-four cents, on Joseph Thompson, the plaintiff's son, who was insolvent, and which account, as it is alleged, was barred by the statute of limitation. The plaintiff agreed to settle this account on the condition that the defendant would execute the aforesaid writing, and not otherwise; and it was finally agreed by the parties that such an arrangement should be made, and, thereupon, the account was settled by the plaintiff, and the writing executed by the defendant. It also appeared that the usury in the plaintiff's demands which were included in the settlement, did not exceed some three or four dollars.

The cause was tried by the court without a jury, and a judgment rendered for the plaintiff for the whole debt, sued for, without any deduction on account of usury.

The correctness of that judgment must depend upon the legal effect of the writing executed by the defendant acknowledging that he had received full satisfaction from the plaintiff, for all the usury.

It is evident, that all the usury in the debt demanded in this suit was not accounted for in the settle-

ment, and that there was no attempt made by the parties to purge out the entire usury. The question then is, whether the borrower can, during the existence of the debt, and whilst the relation of debtor and creditor still subsists, legally release his right to claim the usury? All agreements made by a debtor, that he will not claim the usury that he has promised to pay, whether such agreements assume the character of direct promises to that effect, or are made in the shape of a release, to accomplish the same object indirectly, are virtually but additional promises to do that which the law does not require him to do, and the agreement to do which being illegal and void in its origin, cannot be rendered valid by any subsequent promise. The law regards the debtor, in executing such a release, as acting under the coercion of the creditor, and yielding to the demand under the pressure of his condition. If such agreements were recognized as valid, it would take from the statute its entire force and efficacy for the suppression of usury or the protection of borrowers, for the lender would always procure, for some small consideration, a release from the borrower of his right to refuse to pay the usury promised. All such writings must be regarded as mere shifts and devices to evade the statute, and cannot, therefore, have the effect to impose any additional obligation upon the borrower.

The object of a release, is to surrender some demand that the releasor has against the party, to whom it is executed, or to pass to him some right; and the idea of a release to surrender a right to demand usury that has never been paid is rather preposterous. There is really nothing in such a case for the release to operate upon. The releasor has nothing to release until he pays the usury, and if the writing means anything, it is that the borrower releases his legal right to object to the payment of the usury, or, in other words, he agrees, in a different form of language that he will pay the usury according to his contract. All

BROWNING
vs.
THOMPSON.

1. The law regards all agreements made by a debtor not to claim usury which he has agreed to pay, whether in the form of a release or by direct promise, as made under the coercion of the creditor, as shifts and devices to evade the statute, and they are ineffectual to bar the right to insist upon the usury.

2. A release of claim to usury by debtor to creditor, is only a release of the legal right to object to the payment of the usury; or in other words, an agreement, in different language, that he will pay the usury according to contract, and therefore invalid and inoperative.

such agreements are within the statute, and therefore invalid and inoperative, as this court has heretofore repeatedly decided.

The judgment of the court below is therefore erroneous, in not deducting the usury from the plaintiff's demand. The amount of the account settled by the plaintiff at the instance of the defendant, so far as it formed the consideration of said writing, should be taken into the estimate to diminish, to that extent, the amount of the usury. As there has to be a new trial in the court below on the return of the cause, in which either of the parties will have a right to introduce additional testimony, it would not be proper for this court to determine, at this time, the contest between the parties in respect to the amount of the usury.

Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*H. Taylor*, for plaintiff; *Harlan*, for defendant.