## Hargis v. Taulbee.

(Decided November 12, 1918.)

### Appeal from Breathitt Circuit Court.

1. Usury—Time to Sue, Limitation and Laches.—Although· an obligor in a note may recover of the lender or forbearer usury paid to an assignee, subsection 2, section 2219, Kentucky Statutes, the action must be filed within one year after the payment of the assigned obligation. Section 2517, Kentucky Statutes.

2. Bills and Notes—Assignment—Novation.—If after maturity of the assigned note the payor executes a new note direct to the assignee for the indebtedness, there is a novation unless the assignor remains in fact the real owner of the obligation and procures the execution of the new note and the substitution of the new payee as a mere subterfuge.

3. Bills and Notes—Assignment—Novation.—Where suit is instituted against the lender more than a year after the assignment but within a year after payment of a new note executed direct to the assignee for the indebtedness and it is alleged in the petition that the lender was still the real owner, at the time of payment, of the new note to the assignee, an answer by the lender which alleges facts showing he was not the owner or interested in the new note and that its execution to the assignee was a novation more than a year before the suit was filed and pleads limitation, states a defense.

A. F. BYRD, HAZELRIGG & HAZELRIGG and J. H. HAZELRIGG for appellant.

O. H. POLLARD and KELLY KASH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action, filed April 18, 1914, the plaintiff, Taulbee, sought to recover from appellant, Hargis, and the Hargis Commercial Bank, about $2,700.00 usury alleged to have been paid to them on April 19, 1913. Upon a former appeal prosecuted by Taulbee from a judgment which dismissed his petition as to Hargis, it was held in an opinion reported in 173 Ky. 433, where a full statement of the facts may be found, that inasmuch as the statements of the petition as amended amounted, in substance, to the charge that Hargis was still the real owner of the indebtedness against Taulbee until its payment to the bank on April 19, 1913, a cause of action was stated against him, and that the lower court erred in, sustaining his demurrer and in dismissing the action as to him. All matters between Taulbee and the Hargis

Commercial Bank were concluded upon that appeal, and the cause was remanded in order that Hargis might plead to the cause of action set up against him in the petition and have a trial upon any defense which he might present. The court expressly refrained from an, expression of opinion as to whether Hargis could be held liable because the issues between him and the plaintiff had not been formed.

Upon a return of the case to the circuit court, Hargis filed an answer to which, as amended, a demurrer was sustained and judgment was entered against him for the full amount of usury plaintiff claimed to have been embraced in the note and its renewals while Hargis was the payee, and from that judgment he now appeals.

In his answer Hargis alleged that the transfers of the note due April 12, 1912, to the Phoenix and Third, National Bank of Lexington, and the Hargis Commercial Bank of Jackson, were made in good faith in due course and without notice to the banks that it contained any usury; that after the Hargis Commercial Bank had, thus acquired the note and at its maturity, on April 12, 1912, the plaintiff executed to the bank a new note in full payment and satisfaction of the indebtedness to Hargis; that this transaction was a complete novation and that he was not thereafter the owner of or interested in the plaintiff's indebtedness to the bank; that more than one, year had elapsed before the filing of the suit, and that plaintiff's cause of action was barred by the statute of limitations which was pleaded and relied upon.

It will be seen from the reference to the former opinion in this case that the averments of the petition, if, true, prove that the execution of the note by plaintiff, direct to the bank instead of to Hargis on April 12, 1912, was but a mere subterfuge and not in fact, though apparently, a novation; while in the answer of the defendant allegations are made which if true show that the execution of the note to the bank, the assignee of, Hargis, instead of to Hargis, was in fact a novation and not a renewal of the old debt.

Although the obligor in a note may recover of the lender or forbearer usury paid to an assignee, subsection 2 of section 2219, Kentucky Statutes, an action for such a recovery must be begun within one year after, the payment of the debt which is evidenced by the assigned obligation, section 2517, Kentucky Statutes. The,

answer, therefore, made an issue as to when plaintiff's indebtedness to Hargis was in fact paid, which is the real matter of controversy between the parties, because it is manifest that if the Hargis debt was not paid until April 19, 1913, as claimed by plaintiff, when he paid off the note he had executed, and renewed once, to the bank without Hargis being an apparent participant, a plea of limitation was anticipated and avoided because the suit was filed within a year thereafter. But if, on the other, hand, as claimed by defendant, his debt was paid off on April 12, 1912, and he had no further connection with the transactions between plaintiff and the bank, then plaintiff's cause of action against Hargis accrued on that date, and the plea of limitation is a complete bar to a recovery. Hence the answer stated facts constituting a defense and the court erred in sustaining the demurrer to it and in entering judgment as by default against Hargis.

Wherefore the judgment is reversed for further proceedings consistent with this opinion.