**Boyd GUDGEL, Jr., Appellant,**

v.

**Elmer E. KAELIN and Pauline M. Kaelin, Appellees.**

Court of Appeals of Kentucky.

March 4, 1977.

Rehearing Denied April 29, 1977.

Discretionary Review Denied June 29, 1977.

August A. Klapheke, Ford & Klapheke, Louisville, for appellant.

Cecil Davenport, Henry Schildknecht, Louisville, for appellees.

Before LESTER, WILHOIT and WIN-TERSHEIMER, JJ.

WILHOIT, Judge:

This appeal is from a judgment of the Jefferson Circuit Court holding appellant liable under the terms of a document signed by the parties which the court found to be a valid and enforceable note. The note provided for annual payments of one percent per year to appellees on the outstanding balance of principal of a mortgage.

On April 29, 1970, appellant Gudgel and appellee Elmer Kaelin entered into a written contract for the purchase by Gudgel of a tract of land owned by Kaelin. As stated in the contract, the agreed purchase price was $60,000.00, to be paid in monthly installments of $503.80 for 204 months. The contract specified that "[t]his payment is based on a rate of 7% interest for 17 years." While there appears to be little evidence directly supporting it, the trial court found that the parties agreed prior to the execution of the contract that the money owed on the purchase price was to bear interest at the rate of 8 percent. We believe this was a reasonable inference to be drawn from the evidence.

A deed conveying title to the premises was delivered to the appellant on May 4, 1970. At the same time he executed and delivered to appellees the note for $60,-000.00 bearing interest at 7 percent, payable in 204 consecutive monthly installments, together with a mortgage on the premises to secure the note. Two days later the contested document was signed. It read as follows:

"This is for services agreed upon, between Boyd Gudgel Jr., and Elmer E. Kaelin, on a $60,000.00 principal, at the rate of 1% of $60,000.00. The first payment of $600.00 is due and payable on

May 10, 1970. All payments thereafter are due and payable on annual anniversary dates at the rate of 1% on the balance of principal."

The testimony established that this document had been prepared by appellee, Elmer Kaelin, and that he had told appellant sometime prior to the closing of the sale that he would not sell the property at 7 percent interest but rather would have to have 8 percent interest. Appellant informed Kaelin that the legal rate of interest was 7 percent. Appellant stated that he signed the document because Kaelin would not have gone through with the deal unless he did so, but that he signed under protest. Appellant also stated that at the time he signed the document he had no intention of paying the 1 percent interest, and he has, in fact, never made any payments thereon.

In proceedings to foreclose on the mortgage, the master commissioner found that the 1 percent agreement was void under KRS 360.020 which, at the time of the transaction, provided in relevant part:

"(1) All contracts and assurances for the loan or forbearance of more than three hundred dollars in money or other thing of value at more than the legal rate of interest, are void as to the excess over legal interest. The principal, with legal interest, may be recovered on any such contract or assurance, but not the excess of interest . . .."

The parties agree that the legal rate of interest at the time was 7 percent.

The circuit court, hearing appellees' exceptions to the commissioner's report, held that appellant was estopped to plead usury since he had induced the appellees to part with their property, leading them to believe he would pay the additional 1 percent interest while actually never intending to do so.

The only question presented on appeal is whether appellant's actions were such as to estop him from setting up the defense of usury to liability on the 1 percent document.

■ While courts will not lend their aid to enforcement of a contract that has as its direct object and purpose the violation of a state statute, *Zeitz v. Foley,* Ky., 264 S.W.2d 267 (1954), it has been recognized that in certain instances the conduct of a party to a usurious transaction may have been such that he is estopped to plead the defense of usury. As the trial court observed, neither of the parties here came before it with clean hands.

■ It has been held in this jurisdiction that an obligor is estopped to set up the claim of usury against an innocent purchaser for value who, without notice of the usury in the note, has been induced to purchase the note by the obligor. *Taulbee v. Hargis,* 173 Ky. 433, 191 S.W. 320 (1917). Cases from other jurisdictions which have invoked the doctrine of estoppel in usurious transactions have generally involved situations in which the borrower is the prime mover in instigating the usurious transaction, is an attorney for the lender, or occupies some kind of fiduciary relationship to the lender, and has knowingly prepared or caused to be prepared the instrument without disclosing its illegality to the innocent lender. *See, e. g., Heubusch v. Boone,* 213 Va. 414, 192 S.E.2d 783 (1973); *see also* the cases cited in 16 A.L.R.3d 512.

■ The deception here was not as to the usurious character of the note, appellee was well aware of that. Rather, the deception was the hidden intention of the appellant never to pay on the note. There was no attorney—client or fiduciary relationship between the parties and appellee Elmer Kaelin himself prepared the usurious document. The borrower here did not instigate the usurious transaction but rather acquiesced in it under the coercion of the lender.

Agreements not to claim the benefits of the usury provisions, made during the existence of a debt, have been condemned in Kentucky as follows:

"It may be accepted as an uncontrovertible proposition that agreements between a debtor and creditor, while the debt exists, by which the debtor undertakes to waive objections to usurious rate

of interest, or obligates himself not to claim the benefits of the statutes against usury, are void."

*Cynthiana Building & Savings Association v. Ecklar,* 112 Ky. 164, 65 S.W. 335 (1901). The policy behind this rule dictates that the 1 percent document be declared void. To hold otherwise would emasculate the usury statute, removing much of its force and efficacy for the suppression of usury and the protection of borrowers. *Browning v. Thompson,* 52 Ky. 387, 13 B.Mon. 387 (1852). If the situation here were held sufficient to justify estopping appellant to set up usury as a defense to this action, all lenders would be able to circumvent the usury provisions by simply ensuring that a borrower was aware of the usurious nature of the transaction at the time it was entered into and then invoking estoppel if the borrower attempts to assert his statutory rights.

In light of the above and the public policy against usurious transactions, we do not believe that the conduct of the appellant here was such as to work an estoppel.

The judgment of the trial court with respect to the 1 percent document signed by the parties is reversed.