21307

G. Phillip MURPHY, Appellant, v. Edward H. HAGAN, Jr.,
Respondent.

(271 S. E. (2d) 311)

*Reese I. Joye, Jr.,* and *George J. Kefalos of Joye, Claypoole & Kefalos,* North Charleston, *for appellant.*

*Harvey M. Spar* of *Shimel, Ackerman, Theos & Spar,* Charleston, *for respondent.*

September 30, 1980.

HARWELL, Justice:

G. Phillip Murphy appeals from the decision of the lower court which granted respondent Edward H. Hagan, Jr., summary judgment on his usury counterclaim. We affirm.

Respondent contends at the outset that this Court has no jurisdiction to hear the appeal. He argues that appellant did

not timely serve and file a written notice of intent to appeal within ten days of the rising of the lower court pursuant to Section 18-9-60, S. C. Code Ann. (1976) and Rule I, Section I A of the Rules of this Court. The code section and court rule referred to provide in relevant part that notice of intent to appeal be served within ten days of written notice of a decision rendered at chambers or, in other appeals, within ten days of the rising of the lower court.

In this case the motion for summary judgment was heard during a special term of court. Counsel for both parties were heard. The trial judge apparently dictated his order into the record at the conclusion of the hearing in his chambers while all parties were still present.

Appellant argues that because the order was entered physically in the judge's chambers that the matter must be deemed decided "at chambers" for purposes of appeal. We disagree. A matter regularly scheduled for hearing during a regular or special term of court of which all parties have notice and the opportunity to be heard is not deemed a matter decided "at chambers" for purposes of appeal simply because the order is dictated in the judge's chambers at the convenience of the parties or the court.

The record before us betrays much confusion by the parties as to when appeal should have been taken to this Court. The action of the lower court judge in dictating his decision into the record at chambers did not lend clarity to the situation. It appears that counsel for appellant sent a letter to counsel for respondent within ten days of the rising of the lower court which contains substantially all the notice requirements of the Rule. In addition, counsel for appellant fully conformed to the requirements of notice, service and filing under the Rule when counsel for respondent later served on him written notice of the order.

Given the peculiar facts involved, we have reviewed the merits of this appeal but nonetheless conclude that the lower court must be affirmed.

Murphy and Hagan owned all the stock in Quality Home Builders, Inc. They entered an agreement whereby Murphy would sell all his stock to Hagan for $50,000. The agreement incorporated a note representing the purchase price payable "at such time as Hagan shall be able and desire to do so . . . ." The agreement further provided that Hagan would pay Murphy $500 per month "which is considered as interest on account of said note and not to be applied to the principal amount of same . . . ." By the terms of the agreement, the $500 per month was to be paid for each month that any of the principal remained outstanding.

Murphy sued on the note and agreement alleging non-payment and default in the monthly payments after thirteen such payments had initially been made. Hagan answered and counterclaimed. In his counterclaim, Hagan alleged the $500 per month charge constitutes a usurious rate of 12% under Section 34-31-30 and that he is, therefore, entitled to relief under Section 34-31-50. Section 34-31-50 provides that a party contracting to receive excessive interest forfeits all interest and is liable for twice the interest paid in.

In reply, Murphy in essence asserted only that the $500 per month was not meant as interest but as liquidated damages and that an amount of only approximately $367 was actually paid in per month due to an alleged subsequent understanding between the parties. Under this agreement, the $500 per month was simply reduced by the amount Murphy owed on a loan for a former company vehicle.

Hagan moved for and was granted summary judgment on his counterclaim.

Summary judgment should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable. This is

true even when there is no dispute as to the evidentiary facts if there is dispute as to the conclusions to be drawn therefrom. *Abrams v. Wright,* 262 S. C. 141, 202 S. E. (2d) 859 (1974); *MacFarlane v. Manly,* S. C., 264 S. E. (2d) 838 (1980). The lower court properly granted summary judgment in this case.

Appellant cannot be heard to argue that the monthly payment was not interest. When a contract is clear and unequivocal, its meaning must be determined by its contents alone. *Bruce v. Blalock,* 241 S. C. 155, 127 S. E. (2d) 439 (1962); *Dibble v. Dibble,* 248 S. C. 165, 149 S. E. (2d) 355 (1966). The terms of the contract at issue specifically state that the monthly payment is to be considered interest.

Appellant's contention that a subsequent agreement reduced the monthly payment is without merit. It is readily apparent that a set-off arrangement does not operate to extinguish the primary obligation but merely is a convention adopted for the accounting convenience of the parties. At any rate, appellant cannot be heard to deny the existence of thirteen $500 payments since he set them forth in his verified complaint. *Marchbanks v. Duke Power Co.,* 190 S. C. 336, 2 S. E. (2d) 825 (1939); *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410 (1964); *Corley v. Centennial Construction Company,* 247 S. C. 179, 146 S. E. (2d) 609 (1966).

Appellant contended at the summary judgment hearing below for the first time and without objection that respondent should be estopped from raising his usury counterclaim.

The elements of an equitable estoppel as related to the party claiming the estoppel are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) the action based thereon was of such a character as to change prejudicially the position

of the party claiming the estoppel. *South Carolina National Bank v. Hammond,* 260 S. C. 622, 198 S. E. (2d) 123 (1973); *South Carolina State Highway Department v. Metts,* 270 S. C. 73, 240 S. E. (2d) 816 (1978).

Appellant sets forth no facts which meet the legal criteria above. There is an uncontroverted statement in the record that both parties had their then mutual attorney draw up the agreement in controversy. Appellant cannot say he lacked the means to ascertain the requirements of South Carolina usury law.

The remaining issues were either not raised below and therefore may not be raised on review or were not properly preserved by timely exception and therefore may not be heard on appeal. *See,* 3 West's South Carolina Digest, *Appeal and Error,* Key Nos. 169, 172, and 248.

Affirmed.

LITTLEJOHN and NESS, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

GREGORY, Justic e(dissenting):

I would hold that summary judgment on the counterclaim was inappropriate as the pleadings and depositions raise factual issues which must be determined at trial. *Hook, as Admrx. v. Rothstein,* S. C., 268 S. E. (2d) 288 (1980); *South Carolina Farm Bureau v. Scott,* S. C., 262 S. E. (2d) 739 (1980).

The majority correctly notes "both parties had their then mutual attorney draw up the agreement in controversy" whereby appellant Murphy agreed to sell respondent his shares in their corporation, Quality Home Builders, Inc. That attorney represented each party individually and served as corporate counsel for the business. The majority opinion does not report the fact that this same law firm

now represents respondent in this action repudiating the very agreement it drew for respondent and appellant on the grounds it is an invalid, usurious instrument. The extent and nature of respondent's participation in initiating this transaction may, in my view, ultimately bar his assertion of the counterclaim for double the amount of interest paid in. That question is for the trier of fact.

The rule has long been accepted that a borrower's conduct may estop his assertion of the defense of usury in an action on the debt. 45 Am. Jur. (2d), *Interest and Usury* §§ 257, 259; annotation, 16 A. L. R. (3d) 510; see, *e. g., Gudgel v. Kaelin,* Ky. App., 551 S. W. (2d) 803 (1977) and *Massie v. Rubin,* 270 F. (2d) 60 (10th Cir. 1959); see also 91 C. J. S. *Usury* § 91. The roots of this doctrine were grown in the soil of the equitable maxim that no man should profit from his own wrong, and the rule is particularly applicable where the borrower is an attorney and the lender a layman, *Heubusch v. Boone,* 213 Va. 414, 192 S. E. (2d) 783 (1972); *Perry v. Shelby,* 196 Ark. 541, 118 S. W. (2d) 849 (1938), or where the borrower initiates or promotes the transaction. 16 A. L. R. (3d) 510; *Schylander v. Tsaruchas,* 96 Misc. (2d) 934, 409 N. Y. S. (2d) 932 (1978); 45 Am. Jur. (2d), *supra* at § 259.

While here respondent is not an attorney, the note and agreement were prepared by his attorney with terms dictated by respondent in the presence of appellant. At that time the attorney left appellant with the impression the instruments were valid and binding. Now that same law firm carries respondent's banner in not only defending against appellant's action to collect on the ground the agreement is usurious, but also in seeking penalty damages against a past client under an instrument it drew for that client. *Cf. Holt v. Rickett,* 143 Ga. App. 337, 238 S. E. (2d) 706 (1977) [debtor estopped from asserting the defense of usury to an action on a promissory note which the debtor's attorney prepared].

In my view an inquiry into the facts is necessary and desirable to clarify the application of the law. I would reverse the order granting summary judgment on the counterclaim and remand for trial with the other issues joined by the pleadings. Accordingly, I dissent.

LEWIS, C. J., concurs.