**G. Wayne BROADDUS, Appellant,**

v.

**NATIONAL BANK OF LANCASTER, Appellee.**

Court of Appeals of Kentucky.

April 18, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 3, 1986.

Gerald L. Greene, Helton & Greene, Pineville, for appellant.

J. Paul Long, Jr., Smith & Long, Lancaster, R. Van Young, Schuyler J. Olt, Greenbaum, Doll & McDonald, Louisville, for appellee.

Before HAYES, C.J., and COMBS and HOWARD, JJ.

HOWARD, Judge.

The appellant brings this appeal from a summary judgment granted by the Madison Circuit Court to the appellee, National Bank of Lancaster, for the interest and principal due on certain notes owed by the appellant.

On August 16, 1978, September 11, 1978, and October 16, 1978, the appellant exe-

cuted and delivered to the appellee bank three promissory notes totalling $85,000. Each note provided that it was due one year from its date at an annual interest rate of 8.5%. The appellant executed a mortgage to the bank pledging certain real property as collateral for the obligation under the notes.

On the anniversary of the notes in 1979, the appellant paid the interest and rolled over the notes for another year. In 1980, the appellant again rolled over the notes but at a higher interest rate on the request of the bank. In 1981 and 1982, the appellant again requested that the term of the loan be extended and again the rate charged was higher than the 8.5% on the original notes.

In 1983, the bank refused to roll the notes over once more. In August of 1983, the appellant's check which stated on its face that it was in payment of interest on the notes was returned by the bank. Further, the bank demanded full payment of the outstanding principal. The appellant refused the bank's demand and the bank brought the instant action to enforce the notes and mortgage. The appellant admits that he owes the principal but claims that he does not owe any interest and is due a credit on his debt because the bank violated various banking laws and regulations.

The trial court granted a summary judgment to the bank on January 24, 1985. The trial court rejected the appellant's defenses of usury and failure to give the appellant written notice of the interest rate increases as required by KRS 360.210 *et seq.* The trial court reasoned that the appellant was estopped from raising these defenses because as an experienced banker employed by a competitor bank he had a duty to ensure the legality of his transactions with the Lancaster bank.

The appellant points out that at the time the notes were executed, KRS 360.010 provided that the legal rate of interest to be charged for sums in excess of $15,000 was the rate agreed to by the parties in writing. The interest rate posted on all three notes was 8.5%. Because the parties had not agreed in writing to any other rate except 8.5%, the appellant claims that the increases above that was usurious. The bank contends that the appellant is estopped from raising the defense of usury.

The most recent Kentucky case dealing with estoppel to assert the defense of usury is *Gudgel v. Kaelin,* Ky.App., 551 S.W.2d 803 (1977). In *Gudgel,* a mortgage was executed with the rate of interest set at 7%, the legal rate of interest at the time. The parties also signed a separate document in which the borrower agreed to pay 1% of the balance of the principal annually. The court held that the agreement for payment of 1% of the principal was usurious. Further, the court stated that the borrower was not estopped to plead usury simply because he knew that the 1% agreement was usurious at the time he signed the agreement.

In Kentucky, it has been held that where an innocent purchaser for value and without knowledge of the usurious nature of the note is induced to purchase it by the obligor on the note, the obligor is estopped to set up a claim of usury against the purchaser. *Taulbee v. Hargis,* 173 Ky. 433, 191 S.W. 320 (1917).

> Cases from other jurisdictions which have invoked the doctrine of estoppel in usurious transactions have generally involved situations in which the borrower is the prime mover in instigating the usurious transaction, is an attorney for the lender, or occupies some kind of fiduciary relationship to the lender, and has knowingly prepared or caused to be prepared the instrument without disclosing its illegality to the innocent lender.

*Gudgel, supra,* at 805. *See* 16 A.L.R.3d 512.

The facts in the instant case do not precisely match those cases in which estoppel to assert the defense of usury has been applied. The appellant is not an attorney or in any type of fiduciary relationship with the bank. Most importantly, the appellant did not prepare a usurious document. However, we conclude that under the gen-

eral principles of estoppel, the appellant cannot employ the defense of usury.

In *Old Republic Insurance Company v. Begley*, Ky., 314 S.W.2d 552, 556 (1958), the Court stated that "[a]n elementary principle of equitable estoppel is that one who knows or should know of a situation or a material fact is precluded from denying it or asserting the contrary where by his words or conduct he has misled or prejudiced another person or induced him to change his position to his detriment." *See Hunts Branch Coal Company v. Canada*, Ky., 599 S.W.2d 154 (1980).

■ The appellant is a professional banker who has held numerous positions at a competitor of the bank involved here. Thus, the appellant knew or should have known of the usury laws and other statutes and regulations concerning the banking industry. The appellant acknowledged that he was told that the interest rates on the notes would be increased. Moreover, the notes only had a term of one year. The bank then had no obligation to extend these notes beyond 1979. The bank did extend the term in exchange for payment of the interest rate prevailing at the time. Clearly the bank materially changed its position to its detriment.

To allow the appellant the defense of usury would permit him to obtain an increased benefit by taking advantage of a technical requirement in the law. As the trial court noted, the result may have been different if an unsophisticated borrower had been subjected to an overreaching by a lender. But that is simply not the state of affairs in the instant case.

■ The appellant may not take advantage of the disclosure requirements of KRS 360.210. KRS 360.212 provides that compliance with the federal consumer credit act made up of the Federal Truth In Lending Act and all regulations issued pursuant to that act shall be considered compliance with KRS 360.210 to 360.265. In Regulation Z of the Federal Truth In Lending Act regulations, 12 CFR § 226.3(a) states that the act's provisions and regulations prom-

ulgated thereunder shall not apply to an extension of credit primarily for a business or commercial purpose. The appellant obtained the loan to construct a six-plex apartment building. The appellant did not plan to live there. Clearly then, the appellant obtained the credit for a "commercial" or "business" purpose and thus the Kentucky disclosure act does not apply.

This judgment is affirmed.

All concur.