0903

Rick M. BATY, Plaintiff v. Wallace W. STANLEY and Capitol Glass and
Plastics, Inc., Defendants. Wallace W. STANLEY and Capitol Glass
and Plastics, Inc. Appellants v. Paul BODIE, Respondent.

(354 S. E. (2d) 571)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellants.*

*Victoria L. Eslinger,* of *Berry, Dunbar, Jordan & Eslinger;* and *Ronald M. Childress,* of *Childress & Mille,* Columbia, *for respondent.*

Heard Jan. 20, 1987.

Decided March 16, 1987.

SHAW, Judge:

Appellants, Wallace W. Stanley and Capitol Glass and Plastics, Inc. (hereinafter referred to together as Capitol), appeal a circuit court order denying their motion to vacate an order of default and awarding damages to respondent, Paul Bodie, totaling $69,100.00. We affirm.

This case arises out of a lease agreement in which Capitol leased a building from Bodie for a five year term beginning May 2, 1983. The lease contains the following relevant provisions:

> (1) ... Any alterations or improvements desired by ... [Capitol] at ... [Capitol's] own expense, must be done under ... [Bodie's] written sanction ... and ... shall be surrendered to ... [Bodie] on ... [Capitol's] moving from the premises. ... [Capitol] shall make good all ... injuries done to the premises during [Capitol's] tenancy, excepting such as are produced by natural decay and normal use. ... [Capitol] shall not convey this lease or underlet the premises or any part of the said premises. (3) IF ... [Capitol] shall ... default in the payment of any rent ... or in the performance of any ... covenants of conditions hereof, and shall fail to correct ... any such default within ten days, from the receipt of written notice ... [Bodie] may enter the said premises, ... cancel this lease ... [and still] recover all rent due at the time of such entry. In case of ... default and entry ... [Bodie] shall re-let said premises ... for the highest rent obtainable and may recover ... any deficiency between such amount and the rent herein reserved.

In November of 1983, Bodie discovered Capitol had subleased part of the building and some of the subtenants, including Rick Baty, had been modifying the building. Bodie

demanded Capitol remove the subtenants and cease work. In May of 1984, Bodie demanded Capitol vacate the building.

In June of 1984, Bodie secured an order of ejectment from a magistrate against Capitol. The order noted Capitol was properly served but failed to respond. No appeal was taken from the order which found Capitol breached the lease.

In July of 1984, Rick Baty, a subtenant, sued Capitol for damages for fraudulent inducement to enter the sublease. Capitol answered and was later allowed to amend its answer to add Bodie as a third-party defendant. In its third-party complaint, Capitol alleged Bodie orally modified the original lease to allow the subleases. On April 10, 1985, an administrative order was issued striking the case with leave to restore. The order states "any motions or legal matters may be brought to the court for action and disposition at any time." Bodie then answered the third-party complaint and filed a counterclaim on April 22, 1985, seeking damages for injuries to and the repair of the building, the collection of rents, and unpaid rent. Capitol did not respond until May 20, 1985, and Bodie moved for a default judgment on his counterclaim since no reply was received before May 13, 1985.

Capitol did not appear at the motion hearing and later claimed it did not receive notice. An order of default was issued and Capitol then moved to vacate the order. The damages hearing was held in August of 1985. Bodie argued the magistrate's unappealed order in June of 1984, precluded Capitol from arguing an oral modification of the lease. The hearing judge, ruling on Capitol's motion to vacate, found excusable neglect but held Capitol has no meritorious defense to Bodie's counterclaim. The judge held all matters in Capitol's proposed reply and third-party complaint were fully litigated before the magistrate and are *res judicata.* The judge, therefore, denied Capitol's motion and awarded damages to Bodie. It is from this order which Capitol appeals.

Capitol argues the trial judge erred in applying the doctrine of *res judicata* in this case because it was never pleaded. We realize the general rule is *res judicata* must be pleaded to be established. *S. C. Department of Social Services v. Thompson,* 273 S. C. 569, 257 S. E. (2d) 747 (1979). However, we affirm the trial judge's application of the doctrine to these facts.

This court has recognized an exception to the general rule requiring pleading where the matter "becomes an issue without objection based upon the lack of pleading." *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186, 188 (Ct. App. 1984).

Capitol claims Bodie did not raise *res judicata* "as such" at the hearing, but argues it objected to any language this court may find, in effect, raised the issue. After examining the record we conclude the issue was raised and Capitol failed to object on the ground the issue was not pleaded.

During the hearing, Bodie's lawyer argued, "Every one of ... [Capitol's] answers and the reply ... requires that or states that ... [it] was not in breach of contract. ... [Capitol] has been found in breach of the contract when ... [it] was evicted from the premises by ... [the magistrate]." The lawyer concluded, therefore, Capitol has no meritorious defense. Capitol's lawyer then responded, "There is a meritorious defense because the question of whether or not the lease has been breached is not in issue here." We hold this statement cannot, as argued in Capitol's brief, be construed as an objection on the grounds *res judicata* was not pleaded.

Capitol also argues for reversal, claiming the hearing judge's actions in this case are invalid because the case had been stricken from the trial roster. We disagree.

First, we note the order striking the case explicitly stated "any motions or legal matters may be brought to the court for action and disposition at any time." In addition, our review of the record discloses no clear objection by Capitol, based on these grounds, to the judge proceeding with the hearing.[1] This court will not entertain arguments which a trial court has not had an opportunity to rule on. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980). Thus, we hold the hearing judge did not err in proceeding with this action.

Finally, Capitol argues the judge erred in the award of damages. Specifically, Capitol argues the court erred in awarding a lump sum of the total rent due over the unexpired term of the lease. Capitol also argues Bodie failed to mitigate his damages and the judge failed to discount the full-term rentals to present value.

---

[1] In fact, Capitol answered Bodie's counterclaim on May 20, 1985, without reserving any objection to the proceedings, thereby waiving this issue.

Capitol had the burden of proving Bodie failed to mitigate his damages. *Adams v. Orr*, 260 S. C. 92, 194 S. E. (2d) 232 (1973). It is clear from the record it did not meet this burden. Capitol's other arguments regarding the damage award are raised for the first time on appeal and we, therefore, decline to address them. *Murphy*, 271 S. E. (2d) at 313.

Affirmed.

GARDNER, and BELL, JJ., concur.